CASE 29—PETITION FOR RETRIAL—OCTOBER 2.

## Williams, &c. v. Taylor, &c.

APPEAL FROM MASON CIRCUIT COURT.

1. A DEFENDANT CONSTRUCTIVELY SUMMONED, SEEKING A RETRIAL OF THE ACTION WITHIN FIVE YEARS AFTER THE JUDGMENT, should appear and move to have the action retried, give bond for costs, and then present a defense to the action; and it is only after doing this that he will be entitled to a retrial, and it is only after his defense is sustained in whole or in part that the court has power to set aside or modify the judgment. (Civil Code, sec. 445.)

2. *Where such motion is made after the expiration of five years* from a judgment foreclosing a mortgage, but within five years of the confirmation of a report of sale, it can only affect the latter order; and with the motion should be tendered exceptions to the report, which, if they had been filed before the confirmation and sustained by proof, would have authorized the court to set aside the sale.

WM. WORTHINGTON, . . &#125;
THOS. J. THROOP & SON, &#125;  . . . . . For Appellants,

CITED

Civil Code, secs. 445, 446, 574, 579, 584, 319, 322, 204, 461,
141, 242, 243, 289, 691, 741, 800, 151, 440.
Acts of 1865–66, p. 664.
Acts of 1867, vol. 2, p. 153.
Freeman on Judgments, sec. 564.
Co. Litt. 246. 1 Story's Eq., sec. 549.
Revised Statutes of Iowa, 1860, sec. 3160.
Law Rep. 7, ch. App. 646.
Barton's Suit in Eq. (Holcomb's ed.) 154.
5 House of L. Ca. 185, Jordan v. Money.
7 Kansas, 110–24, Carithers v. Weaver.
6 Ad. & E. 469, Pickard v. Sears.
3 Met. 502, Megowan v. Pennebaker.
1 Met. 281, Todd v. Dowd.
3 Met. 469, Hocker v. Gentry.
3 Bush, 491, Allen v. Graves.
9 Bush, 285, Stump v. Martin.
4 Amer. Law Rec. 442, January, 1875.
2 Met. 550, Vanbussum v. Maloney.
2 Bush, 211, Yowell v. Gaines.
2 Duvall, 429, Jackson v. Speed.
1 Met. 649, Gill v. Johnson.
4 Met. 118, Duncan v. Wickliffe.
4 Met. 342, Allen v. Brown.
2 Duvall, 76, Adams v. Settle.
6 Ohio St. 81, Irwin v. Bank of Bellefontaine.
7 J. J. Mar. 340, Clay v. Rogers.
1 Vesey. Jr. 211, Martin v. Martin.
2 Maddock's Ch'y, 495. 2 Smith's Ch'y Pr. 267.
1 Johns. Ch'y, 619, Thompson v. Brown.
4 Paige, 374, Brooks v. Gibbons.
7 Paige, 583, Innes v. Lansing.
1 Maddock, 529, Angell v. Haddon.
3 Russell, 130, Gillespie v. Alexander.
3 Paige, 164, Wilder v. Keeler.
4 Met. 30, Bondurant v. Apperson.
3 Hoffman's Ch. Pr. 244.
1 Leigh, 108, Harvey v. Branson.
4 Paige, 561, Taylor v. Read.
2 Barb. Ch. 21, Coither v. Crane.
2 Litt. 258, Larue v. Larue.
7 J. J. Mar. 456, Talbot v. Todd.

4 Met. 108, Hanson v. Bowyer.

7 Paige, 18, Mills v. Hoag.

9 Paige, 639, Johnson v. Everett.

4 Bush, 413, Offutt v. Bradford.

6 Bush, 65, Bethel v. Bethel.

5 Eng. (Ark.) 333, *Ex parte* Crittenden.

5 Mon. 278, Robinson v. Scott.

5 Mon. 249, Chaney v. Cooke.

5 Mon. 79, Martin v. Wade's ex'rs.

2 J. J. Mar. 117, Oldham v. Halley.

4 J. J. Mar. 607, Field v. Craddock.

4 Dana, 16, Clark v. Bell.

7 B. Mon. 386, Richardson v. Parrott's heirs.

7 B. Mon. 104, Champlin v. Foster.

1 J. J. Mar. 498, Hays v. May's heirs.

4 Dana, 404, Boone v. Helm.

3 B. Mon. 453, Lewis v. Outton's adm'r.

5 J. J. Mar, 251, Hanks v. Greenwade.

4 Mon. 414, Jameson v. Moseley.

4 J. J. Mar. 38, Phillips & Co. v. Alcorn.

9 B. Mon. 9, Craig v. McBride's heirs.

1 B. Mon. 149, Portwood v. Outon.

7 Bush, 545, Cofer v. Miller.

1 Bush, 538, Hahn v. Pindell.

4 Bush, 70, Jarboe v. Colvin.

10 Allen, 436, Langdon v. Doud.

19 Wall. 146, Sawyer v. Prickett.

42 N. Y. 443, Shapley v. Abbott.

51 N. Y. 280, White v. Aston.

16 Weekly Reporter (Irish Com. Pleas, 1867), 34.

18 Ohio St. 38, 41, McKinzie v. Steele.

49 N. Y. 111, 115, Halloney v. Horan.

14 Wendell, 544–46, Jenkins v. Wild.

34 Iowa, 266, Conklin v. Johnson.

48 N. Y. 62, Kerr v. Blodgett.

11 Vesey, 602, Lashley v. Hogg.

15 B. Mon. 48, Maysville & Lexington R. R. v. Punnett.

18 B. Mon. 825, Turner v. Browder.

H. TAYLOR, . . . .
BARBOUR & COCHRAN,
J. G. HICKMAN, . .
W. H. WADSWORTH, . } . . . . . . For Appellees,

CITED

Civil Code, secs. 397, 403, 404, 440 to 446.
3 Blackstone's Com. 497.
7 Bush, 625, Helm v. Short.
2 Met. 551, Vanbussum v. Maloney.
4 Dana, 559, Graham v. Hardin.
2 Bush, 271, Arbegust v. City of Louisville.
6 Bush, 65, Bethel v. Bethel.
2 Duvall, 427, Jackson v. Speed.
15 B. Mon.                    18 B. Mon.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

When a judgment has been rendered against a defendant constructively summoned, and who did not appear, such defendant may at any time within five years after the rendition of the judgment appear in court and move to have the action retried; and, security for the costs being given, he shall be admitted to make defense; and thereupon the action shall be retried as if no judgment had been rendered, and upon the new trial the court may confirm the former judgment or modify or set it aside. (Section 445, Civil Code.)

A defendant seeking the benefits of this provision should appear and move to have the action retried and give bond for costs, and then present a defense to the action, and it is only after doing this that he will be entitled to a retrial, and it is only after his defense is sustained in whole or in part that the court has power to set aside or modify the judgment. The language of the statute is that he shall be admitted to make defense, and thereupon the action shall be retried, and upon the new trial the court may confirm, modify, or set aside the former judgment.

This was a suit to foreclose a mortgage given to the appellees and the assignors of the appellants.

The appellees were entitled to be first paid out of the proceeds of the mortgaged property, and they made their co-mortgagees defendants and proceeded against them as non-residents

upon constructive service, and on the 22d of January, 1869, obtained a judgment of foreclosure.   On the 21st of June following an order was made modifying the directions given in the judgment for advertising the sale, and on the 5th of November, 1869, the report of sale was confirmed by the court.

On the 13th of June, 1874, the appellants appeared in the clerk's office of the court in which the judgment was rendered and filed with the clerk a written motion to set aside the judgment of foreclosure, the order of the 21st of June, and the order confirming the report of sale, and at the same time filed what is styled an answer and cross-petition, and at the next term of the court, on the 4th day of November, 1874, moved the court as indicated in the motion filed with the clerk, but did not file, or offer to file an answer, and their motion having been overruled, they have appealed.

Waiving the question whether filing the motion in the clerk's office in vacation within five years after the rendition of a judgment or the making of an order sought to be vacated will entitle the party to make his motion at the next term of the court, although more than five years have then elapsed, and treating the answer and cross-petition filed with the clerk as if tendered in court, we are still of the opinion that the motion was properly overruled.

The judgment of foreclosure was rendered more than five years prior to the filing of the motion in the clerk's office, and it is conceded that the motion to set that judgment aside came too late.

It will avail appellants nothing to set aside the order of the 21st of June unless they can also set aside the order confirming the sale, and likewise the report of sale.

They failed both in form and substance to show any sufficient grounds for either.

In order to set aside the order confirming the report of sale they should have tendered exceptions to the report, which, if

filed before it was confirmed and sustained by proof, would have authorized the court to set aside the sale. This much was necessary in order to entitle them to a retrial of the motion to confirm the report. No exceptions whatever were filed, the appellants seeming to suppose that as they made their motion within five years after the order of confirmation was made they had a right to have the order vacated without showing any reasons whatever why it should be done.

The language of the statute does not admit of such construction. It would be unreasonable if it did. The court had jurisdiction to make the order, and there was no reason why it should be set aside unless it had been improperly made, and it was therefore necessary both in reason and by the plain provision of the statute that it should first be made to appear by exceptions filed and sustained that the order had been improperly made before it could be set aside.

The court did not err in overruling the motion, and its order is affirmed.