### GREGSON v. SALLEE et al.

Court of Appeals of Kentucky.

March 13, 1953.

George T. Gess, Jr., Lexington, for appellant.

Frank C. Henry, Lexington, for appellee.

COMBS, Justice.

The appellant was served by constructive service in a suit to sell a house and lot in Lexington in which he owned an undivided one-fifth interest. The property was sold and the report of sale was confirmed. Some nine months later appellant filed motion for a new trial under authority of Civil Code of Practice, section 414, which provides in part:

"A defendant against whom a judgment may have been rendered upon constructive service of a summons, * * * may, at any time within five years after the rendition of the judgment, move to have the action retried".

This appeal is from an order overruling a motion for retrial of the case.

The only ground on which appellant relies for a new trial is that the judgment directing sale of the property contained an incorrect reference to the source of title. The judgment refers to the will of W. C. Gregson as the source of title, when actually only an undivided one-half interest in the property had passed under the will, the other one-half interest having descended to the same parties from Metta H. Gregson, the deceased wife of W. C. Gregson. The result was exactly the same. The parties to the suit are the children of W. C. and Metta Gregson, and their father's will merely devised his interest in the property to his children in the same proportion it would have descended to them under the law of descent and distribution in the absence of a will.

We gather from appellant's brief that none of the children realized until after the report of sale was confirmed that their mother owned any interest in the property, and the real reason for requesting a new trial is to permit one of appellant's brothers to file claim against the mother's estate before she is legally divested of title to the property.

We think appellant's position is untenable. He has completely failed to show how his rights have been prejudiced in any respect, and if the case should be retried the same judgment, with a correction as to the source of title, would have to be re-entered.

Appellant's motion merely requests a new trial, and refers to section 414 of the Civil Code of Practice. He makes no attempt to state any defense which he could present in the event of a new trial. It was held in Williams v. Taylor, 74 Ky. 375, that a defendant constructively summoned is entitled to a new trial under section 414 only in the event he presents with his motion for new trial a defense to the action. It is true that is an old case, but it has withstood the test of time and we think it is sound.

In view of what has already been said it is unnecessary to discuss the other questions raised in the briefs.

The judgment is affirmed.