## Heran *vs* Hall.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Partners and Partnership.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

CHANCERY. |1bm159 e110 224|

*Case 51.*

*December 22.*

·IT seems to this Court, that the Chancellor's decree dismissing *Heran's* bill, seeking a decree against *Hall* for one half of the loss of capital advanced by the former, for corn bought by the latter in *Illinois* and *Missouri*, and shipped to *New Orleans*, under a contract between them, stipulating that *Heran* should "*furnish the* (money) *capital*," and *Hall* should purchase and ship the corn, and that the *profits* of the adventure should be equally divided between them, should be affirmed.

There being no written memorial of the agreement, and the facts exhibited being vague and rather indeterminate, as to the precise terms or effect of it, we acknowledge that we are not perfectly satisfied that the parties did not intend to be partners in the capital, the corn, and the losses as well as the profits. But we are inclined to concur with the Chancellor in the deduction that the money capital was "*furnished*" by *Heran*, for himself alone, and not merely *advanced* equally for himself and *Hall;* that *Hall's* only capital was his services, his only interest a share of the profits; and that, therefore, he was not a joint owner of the corn, nor liable for any portion of the loss of capital resulting from the sale of it.

It is a general rule, applicable especially to such a single adventure as that in which the parties in this case were engaged, that when the capital of one party is money, and that of the other is labor, or other personal service, they are not partners, *inter se*, in the technical sense merely, because they had a mutual interest in the profits, and that, nothing else appearing, even considering them partners in the stock, he whose capital was labor, would not be liable to him whose capital was money, for contribution for any loss of capital in the adventure: for, in

It is a general rule, applicable especially to cases of a single adventure, when the capital of one party is *money*, and the other personal *services* they are not partners, *inter se*, in the technical sense, merely because they had a mutual interest in the profits, no-

thing else appearing—in such cases he whose capital is service is not liable for any part of the money capital of the other lost in the adventure.

such a case, each will have sustained a correspondent loss of his capital, and neither of them would, therefore, be liable to the other for contribution.

In this case, if, as we are disposed to consider the more probable, *Hall* was to furnish no other capital than his services, and, *operam pro pecunia valere*, was, therefore, to receive a share of the profits, even had the purchase of the corn been, in fact joint, he would not be liable for the loss on *Heran's* capital.

Wherefore, as we cannot decide that any portion of the money contributed by *Heran* was advanced to the use of Hall, as a part of his capital, we do not feel authorized to disturb the Chancellor's decree, which is, therefore, affirmed.

*Owsley* for appellant: *Pirtle and J. T. & P. C. Morehead* for appellee.