## HANNA *v.* FLINT *et als.*

WHERE a broker buys wheat for E. & H. with their funds, and an agreement is made between the three that the broker shall dispose of the wheat, and that the profits shall be equally divided, the broker is neither partner nor joint owner of the wheat.

Where, in such case, the defendants, warehousemen, deliver the wheat to third persons, who bought from the broker for his own debt, on the ground that they held the storage receipt of defendants to one S. who had loaned money to E. & H. on the wheat as collateral, and had indorsed the receipt, "deliver to bearer, or E. & H." the defendants knowing at the time of said delivery that E. & H. claimed the wheat as their property, they are liable to E. & H. for a conversion.

*Query,* whether defendants could have refused to deliver the wheat to E. & H. while the storage receipt to S. was outstanding?

But when they gave the wheat to the wrong claimant they became responsible for its value to the right one.

APPEAL from the Twelfth District.

Action of damages for conversion of wheat.

In addition to the agreement set out in the opinion of the Court the following are the facts :

January 4th, 1858, plaintiff and one Ellis, through Little, as broker, purchased some wheat, of which two hundred and three sacks are in controversy.   They stored the wheat in North Point Warehouse, of which defendants were owners.   At the date of the agreement above, Little was insolvent, to the knowledge of plaintiff and Ellis.   January 15th, 1858, they pledged the wheat to Spring on a loan of four thousand dollars, and defendants, aware that it was a pledge and not a sale, issued their warehouse receipt to Spring.   Plaintiff and Ellis paid the storage after this receipt.   The money from Spring was applied toward payment of the wheat, and two thousand dollars of the proceeds of sales were applied on the Spring loan.   January 23d, 1858, Ellis sold his interest to plaintiff.   January 28th, 1858, Little procured an order from Spring on defendants, " to bearer or Hanna & Ellis," for three hundred sacks of wheat, covering the two hundred and three sacks in controversy.   Plaintiff had recognized a prior similar order.   Defendants delivered to Little thirty-four sacks wheat on this order.   February 19th, 1858, plaintiff paid Spring in full, who transferred his warehouse receipt to plaintiff, indorsed, " Deliver the within to order of R. H. Hanna without recourse on me."   Prior to this, Little testified on proceedings supplementary to execution, that he had no interest in the purchase or sale of the wheat aside from the net profits.   February 22d, 1858, plaintiff presented to defendants the delivery order of Spring, and demanded the two hundred and three sacks, which demand was refused, on the ground that the order by Spring to Little was outstanding ; whereupon plaintiff notified defendants not to deliver the wheat to Little or his order.

April 6th, 1858, Little sold the wheat to Kendrick & Smith for a prior debt, and gave them an order on defendants for the same.   Defendants delivered the wheat to K. & S. upon their giving an indemnity bond against plaintiff's claim.   Kendrick & Smith knew of this claim when they purchased.

The case was sent to a referee, who found for plaintiff, and fixed the damages at the value of the wheat on the 6th day of

April, 1858.   The Court entered judgment accordingly, and defendants appeal.

*Stow & Brown,* for Appellants.

I.   The agreement between Ellis, Hanna, and Little, constituted the three partners. (Smith's Mercantile Law, 23, 24, 27, and cases cited in Note I; 17 Ves. 112—117; 19 Id. 461; *Champion* v. *Bostwick,* 18 Wend.; 5 Id. 573; *Dob* v. *Halsey,* 16 Johns. 39.)

II.   Defendants delivered the wheat to the bearer of their warehouse receipt, as they were bound to do, and are not liable in trover.   (*Horr* v. *Barker,* 8 Cal. 614.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This case turns chiefly on the construction of the following instrument:

" Whereas, John T. Little, as broker for David H. Ellis and Robert G. Hanna, has purchased three lots of Mexican wheat, (describing it,) it is hereby agreed between the said Little, David H. Ellis, and Robert G. Hanna, that the said Little is to dispose of the said wheat, and that the profits arising therefrom shall be equally divided between Little, Ellis, and Hanna—said Ellis having furnished the sum of seven hundred and sixty dollars, and is to furnish the further sum of twenty-two hundred and forty dollars, as it may be needed in making the payment for the purchase of said lots of wheat."
   (Signed.)

1. It is quite clear that Little, under this agreement, and the facts connected with it, was not a partner or joint owner of this wheat.   The wheat was bought for Ellis and Hanna, and with their funds.   Little was the mere broker, and was to dispose of it for them.   It is true, he was to receive his compensation out of the profits, but this gave him no ownership in the wheat itself, nor did it constitute him a partner.   Any broker selling on commission would be a partner if this were the rule, for there is no difference between a certain and a contingent compensation— between so much on gross sales and so much on profits. (*Gallop*

v. *Newman,* 7 Pick. 282, and Cases; 17 Mass. 197; 6 Vt. 119; Ch. on Cont. 213.)

2. The defendants having given the wheat under bond of indemnity to Kendrick and Smith, who, it seems, bought of Little for his own debt, with notice of the claim of Ellis and Hanna, are liable to this action as for a conversion, though the order given by defendants to Little or bearer was outstanding. Whether the defendants could have refused to deliver the wheat to the plaintiff or not, that order being out, it is not necessary to decide, but when the defendants gave the wheat to the wrong claimants, they became responsible for its value to the right one on the proof by the latter of his title.

Judgment affirmed.