CASE 26—ACTION TO RECOVER ONE-HALF THE LOSS IN A PARTNERSHIP
VENTURE—MARCH 1.

# Meadows & Mocquot.

APPEAL FROM FULTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

PARTNERSHIP—LABOR AS CAPITAL—CONTRIBUTION TO PAYMENT OF
LOSSES.

Held: A partner who furnishes labor as his part of the capital can
not be required to contribute to the payment of any part of the
loss of the other partner's capital, which was money furnished
on condition that it should be restored to him before there was
any division of profits.

ROBERTSON & THOMAS, ATTORNEYS FOR APPELLANT.

It is substantially agreed by the pleadings that appellant and
appellee entered into some sort of an agreement by which they
were to buy cotton, gin it, and put it upon the market. The
first answer admits a partnership, but defendant files an amend-
ment denying that the contract constituted a partnership. We
shall take the position that it was competent for the parties to

have agreed that one of them should furnish the capital, and then to divide the losses as well as the profits. The business was continued through the cotton season of 1891 and 1892, and finally upon winding up it was found that there was a loss of about $742 on cotton alone, not including rent for gin, $150, one-half of which loss is claimed by plaintiff, Meadows, against defendant, amounting to $446. Meadows swears positively that Mocquot was to pay one-half the losses and Mocquot does not deny this only equivocally. 21 Ky. Law Rep., 78, Tanner v. Hughes; 9 Ky. Law Rep., 456, Turner v. Turner; 9 Ky. Law Rep., 238, Curd, &c. v. Ridgway; 17 Am. & Eng. Ency., 841, 842, 843 844, and notes, also 964 and notes.

J. C. FLOURNOY, ATTORNEY FOR APPELLEE.

In this action plaintiff seeks to compel the defendant to pay him one-half the losses of a partnership venture in which they engaged, buying and ginning cotton, in which venture plaintiff contributed the capital and defendant his labor and skill, the total loss being $892.02.

We understand the rule to be, that in a partnership or agreement between parties to engage in a venture, in which the capital of one party is money, and that of the other is his labor and skill, that the partner whose capital is labor is not liable to the partner whose capital is money, for loss of money in the venture. In such a venture each party sustains loss, the one his skill and labor and the other his money.

### AUTHORITIES CITED.

Horan v. Hall, 1 B. Mon., 159; Raw, &c. v. Boyle, &c., 5 Bush., 253; Curd, &c. v. Ridgway, 9 Law Rep., 237; McCormick v. Stofer, 11 Law Rep., 298; Schull v. Brooks, 13 Law Rep., 335; Fuqua, &c. v. Massie, &c., 15 Law Rep., 849; Deshazer v. Deshazer, 11 Law Rep., 159; Turner v. Embry's Admr., 17 Law Rep., 1290; City of Louisville v. Gosnell, 20 Law Rep., 539; Civil Code, sec. 606, sub-sec. 4.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This action was instituted by appellant to recover $446.01, one-half of the loss in a partnership venture between them, from appellee. He says that in September, 1891, he and the defendant formed a partnership for the purpose of buying, ginning, and dealing in cotton; that by the terms of the partnership he was to furnish all of

the money necessary to carry on the business, and the de-
fendant was to furnish his labor; and they were to share
equally the profits, if any, and the losses, if any, arising
from the business. The defendant, in his answer, ad-
mitted that in the fall of 1891 he formed a partnership
with the plaintiff for the purpose of buying, ginning, and
selling cotton, but alleges that by the terms of the agree
ment plaintiff was to furnish all of the money necessary
to run the business, and pay the loss, if any, and expenses
incident thereto; that he was to buy, gin, and ship the
cotton, but was not to be liable for any loss or expense
incurred in the business; that he devoted his time and at-
tention to the business of the firm from the 1st of Oc-
tober, 1891, to the 1st of February, 1892, and that he
received nothing for his services. The testimony of ap-
pellant conduces to support the averments of his peti-
tion. He testifies that he paid for the cotton purchased
by the firm, kept its accounts, and collected all of the
money, which was placed to his individual credit in the
bank; that appellee bought the cotton, and attended to
the details of having it ginned and shipped to the market;
that the losses of the venture were $892.02; that appellee
expressly agreed to share his part thereof. Appellee,
on the other hand, testifies that in September, 1891, he
spoke to W. P. Felts, secretary of the Cotton Gin Com-
pany, for employment with the Cotton Gin Company, and
that he told him that appellant, Meadows, wanted some
one to run the gin for him; that he saw Meadows, and told
him that he had no money, but that he would agree to go
in with him, and run the gin for the season for half of the
net profits; that he would buy, receive, gin, ship the cot-
ton, and attend to the business generally; that Meadows
was to keep the books, accounts, and furnish all of the

money necessary in the operation of the business; that his understanding was that he was not to bear any of the loss, although nothing especially was said about loss; that he performed his part of the contract, and received nothing for his work; that appellant collected all of the money received from the sale of the cotton, and used it to reimburse himself for money advanced to the partnership and to pay the operating expenses of the business. The agreement between them was a verbal one, and no witnesses testify as to the terms of the agreement but the parties. Their statements conflict upon the crucial point of the case, and their intention can only be arrived at by considering their conduct in regard to the subject-matter of the contract. But we will first consider the law of the case. The universal test of partnership is community of profit and specific interest in the profits as profits, in contradistinction to a stipulated portion of the proceeds as a compensation for services. Tanner v. Hughes (Ky.) 50 S. W., 1099. If the agreement was that appellant should advance the money as his part of the capital, and appellee was to render services in buying and selling as his part of the capital, nothing else appearing, in the event of a loss each would lose his own capital,— appellee his labor, and appellant his money; and the one would not be responsible to the other. The rule is thus stated by Mr. Rutherford in his Institutes, viz.: "In partnership, where work is contributed on one side and money on the other, the partner from whom the money comes may contribute only the use of the money, or the property of it. If he contributes the use of it, and still keeps his property in the principal, so that the joint stock is to be considered as made up of the labor of one partner and of the use of the other's money, it is plain, that, supposing

the principal to be safe, it belongs to him, and that, supposing it to be lost, he alone bears the loss. The other partner, who contributes work, since, as the case is put, he had no claim to the principal money, or any part of it, can not be obliged to make good any part of the loss, or to bear any share of it. But if he contributes the property of his money, so that the joint stock, upon which each of them has a common claim, is made up of his principal money and of the other's labor, then the partner who labors has a claim upon the principal money itself; and consequently, whenever the partnership is dissolved, if the principal, or any part of it, is safe, he ought to share in it; and, if the principal is lost, he is a sufferer by losing such share." This principle was first applied in this State in the case of Heran v. Hall, 1 B. Mon., 159. Heran sued Hall for half the loss of capital advanced by the former for corn bought by the latter and shipped under a contract between them stipulating that Heran should furnish the money and Hall should buy and ship the corn and that the profits of the venture should be equally divided between them. Chief Justice Robertson, who delivered the opinion of the court, said, viz.: "It is the general rule, applicable especially to such a single adventure as that in which the parties in this case were engaged, that when the capital of one party is money, and of the other party is labor, or other service, they are not partners, *inter se*, in the technical sense merely, because they had a mutual interest in the profits, and that, nothing else appearing, even considering them partners in the stock, he whose capital was labor would not be liable to him whose capital was money for contribution of any loss of capital in the adventure; for in such case each will have sustained a corresponding loss of capital, and neither would

therefore, be liable to the other for contribution." This rule was followed in Rau v. Boyle, 68 Ky., 253; McCormick v. Stofer (Ky.) 12 S. W., 151; Fuqua v. Massie (Ky.) 25 S. W., 875; and in a number of cases decided by the superior court. Both parties to this controversy admitted that it was one of the conditions of the partnership that, before any division of profits could be had, all of the money contributed by appellant was to be restored to him, —in other words, that the firm was to have only the use of the money; and it seems to us that it necessarily follows, from the principle announced in the foregoing cases, under this state of facts, that appellant is not entitled to recover for the loss of any part of the money so contributed by him for the use of the firm. For the reasons indicated, the judgment is affirmed.

Judge White not sitting.