# Davis et al. v. Graves.

(Decided Oct. 13, 1933.)

MYERS & HOWARD for appellants.

F. J. HANLON and R. J. KENKEL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and defendant below, Bertha Davis, operates a beauty shop in Covington, Ky., and her co-appellant and defendant below, Edith Hill, is an employed assistant therein. On July 13, 1931, the appellee and plaintiff below, Pauline Graves, who was then eighteen years of age, called at defendants' place of business for the purpose of receiving a "permanent" in her hair. Never having personally applied for nor received such a treatment, we are dependent entirely upon the record for a disclosure of its nature and process of performance, and from that source we gather that its purpose is to put a permanent curl in the hair and which is supposed to continue for a period of some months if properly performed. The process consists in the adjustment of the head to certain machinery charged with electricity, and in which small steel rods are employed around which the hair is wrapped, and after which the current is turned into them, they being adjusted so as to be near the scalp.

After the treatment received by plaintiff on her first visit to defendants' shop, she felt some slight effects of electrical burns to her scalp, but it seems that they were so insignificant as to produce no material

results. The waves so made on that visit proved to be temporary and not permanent, and upon notification thereof defendant, Davis, agreed to again administer the treatment, and which was done on August 17 of the same year, being one month and three days after the first one. The intervening time is partly accounted for because of ailment of plaintiff's mother, necessitating her remaining at home until the condition of her mother was improved. In the administration of the second treatment plaintiff complained that the electrical current ·passing through the rods, or some of the other necessary adjustments, was burning her, and upon that complaint being made defendant and her assistant injected cotton under some kind of pad put next to the scalp at the place of which plaintiff complained and which was done during the operation more than once. But before it was over defendant claims that the current on the rod, or adjustment next to that place on the scalp was disconnected, but which plaintiff denies. At any rate, soon after the second operation a burnt, blistered place appeared on plaintiff's head just above the top of the right ear and a little to the front thereof.

Upon its first appearance it was about the size of a silver quarter, but it rapidly spread, not only on plaintiff's scalp, but down that side of her face, and she soon became in quite a serious condition. In that condition she visited plaintiff at her place of business and was directed to engage the services of Dr. R. Lee Bird, who appears to have been defendant's regular physician. He treated plaintiff for a period of over a month, when her affliction became so advanced as to produce unconsciousness and rigidity of some of her muscles, thereby developing an alarming condition which Dr. Bird did not feel able to cope with; whereupon he recommended the services of Dr. Keiley, a specialist in nervous and brain afflictions. It took the latter physician five or six days to restore plaintiff to consciousness, the treatment being administered in a hospital in the city of Cincinnati, Ohio. It was months before she became anything like normally restored, and during which time she incurred considerable expense for the services of nurses, physician's and hospital treatment, aggregating almost $500, the amount of the judgment.

This action was filed by her through a next friend against defendants, in the Kenton circuit court, in which

she charged in her petition that they negligently performed the operations whereby she sustained the burns to her scalp, and from which she subsequently endured the suffering and incurred the expenses complained of. She prayed for a judgment in a total sum of $5,000, consisting of her expense bills, loss of time, mental and physical anguish, as well as permanent injuries. The answer of defendants put in issue the material averments of the petition, and upon trial the jury, under the instructions submitted to it by the court, returned a verdict in favor of plaintiff for the sum of $500. Defendants' motion for a new trial having been overruled, they prosecute this appeal.

In the motion for a new trial a number of grounds are set out as alleged errors authorizing a reversal of the judgment, but in this court only two are argued by learned counsel for defendants, and which are: (1) Error of the court in overruling defendants' motion for a peremptory instruction in their favor at the close of plaintiff's testimony and in overruling a like motion at the close of all the testimony, and (2) excessive verdict superinduced by an alleged prejudicially improper argument to the jury of plaintiff's counsel.

Argument (1) is necessarily based upon the contention that the evidence failed to establish negligence on the part of defendants. The fact of the burn followed by its disastrous consequences is not denied, but admitted; but there is a veiled insinuation that plaintiff may have sustained her scalp wound in some other way and at some other time. However, there is no testimony to that effect, and it is expressly contradicted by plaintiff and her witnesses. That it was the duty of defendants in treating plaintiff's hair to exercise at least ordinary care to prevent injuring her is not seriously disputed. But it is insisted that the usual method to prevent consequences of the nature complained of was and is the insertion of cotton in the manner employed by defendants in this case. But surely the employment of such method, though ineffective, would not constitute or measure the full extent of defendants' duty in the exercise of ordinary care. When they were made aware of the evil effects of the treatment being produced it was their duty to make such adjustments, or discontinuations of them, as were necessary for preventive purposes. According to plaintiff's testimony,

no such steps were taken throughout the treatment, and as a consequence she received the burns of which she complains. Such measurement of duties on the part of defendants was properly submitted to the jury, and its finding that the burns of which plaintiff complains resulted from negligent performance on the part· of defendants is abundantly sustained by the evidence, and the refusal of the court to sustain defendants' motion for a peremptory instruction, upon both occasions that it was offered, was and is not erroneous, and which brings us to argument (2) made by counsel.

In an affidavit filed by defendants' counsel at the time of making their motion for a new trial they stated that plaintiff's counsel in their argument to the jury made these statements, ''These people (plaintiff and her family) are working people and when you have to go to Cincinnati to get these high priced specialists to treat them, believe me, you have to pay for them,'' and ''hospitals now are run for the very rich and not for the poor.'' The trial judge certified that no exceptions were taken to those remarks at the time, and that being true their prejudicial effect, if any, was waived. Moreover, they are not made a part of the record by a bill of exceptions, and we have uniformly, consistently, and without exception, announced the rule to be that such matters will not be considered by this court, and are not properly presented, unless they are manifested in the bill of exceptions wherein the trial court certifies to their accuracy.

Independently, however, of such precluding matters we do not regard the remarks complained of as unauthorized. If, however, it were otherwise, then it is conclusively established by' the record that they had no prejudicial effect, since the only complaint made of them by learned counsel is that they had the effect to excessively enlarge the verdict of the jury. That verdict, as we have seen, was for only $500. The expenses for physicians, hospital services, and nurses amounted in the aggregate to a large per cent of that sum, leaving an insignificant amount for mental pain and physical suffering, to say nothing about any injurious future effect upon plaintiff, and for which there was testimony to support. The testimony shows that both defendants participated in the administration of the treatment giv-

en plaintiff for the purposes indicated, and are equally guilty of the derelictions complained of.

We have refrained from classifying the services herein performed with reference to the degree of care required to be exercised by the performers because of our conclusion that the testimony in the case,. and especially that introduced by plaintiff and her witnesses, sufficiently supports the verdict finding a failure to exercise ordinary care so as to render defendants liable for the consequences thereof, regardless of the proper classification in the law of negligence of those performing such services. Likewise we have refrained from citing authorities supporting the principles of law referred to, since they are so well settled as not to require it.

Perceiving no error prejudicial to the substantial rights of the defendants, the judgment is affirmed.