## Bowling et al. v. Duvall et al.

(Decided Nov. 5, 1937.)

FAUREST & FAUREST for appellants.

J. R. LAYMAN and H. L. JAMES, JR. for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

The appellee, W. T. Duvall, instituted this action to recover the sum of $610.50 from the appellants, T. C. Caswell and Wiley Bowling. Appellee claimed to have advanced this sum as agent for the appellants and at their special instance and request. Appellants pleaded that appellee, together with one Clarence Caswell and themselves, formed a partnership for the purchase of hay, and that the money here sought to be recovered was advanced by appellee on behalf of the partnership, and not on behalf of appellants individually. They further pleaded that the partnership was indebted to other persons and did not have sufficient assets to meet its obligations and that upon a final accounting appellee would be shown to owe the partnership a greater sum than the partnership owed to him. Clarence Caswell was made a party by cross-petition and a settlement of the partnership accounts was asked. The case was transferred to equity, and the court heard proof on the issue tendered on the original petition and determined that appellee was the agent of appellants and not a partner. The only question argued on this appeal is whether or not the chancellor erred in his conclusion upon the facts.

Both appellants and appellee tell a frank straightforward story. Appellee states that he was employed

by the appellant Caswell to purchase hay for him (Caswell) on a commission of 25 per cent. of the profits. This is admitted by all concerned. Subsequently Caswell was unable to make the necessary advancements of money to purchase the hay, and he suggested that appellee go with him to see appellant Wiley Bowling to secure his financial support. Prior to this time Bowling had agreed to finance Clarence Caswell in the purchase of hay, and, at his suggestion and for convenience in bookkeeping, it was decided that the hay purchased by Clarence Caswell, as well as the hay purchased by appellee, should be considered as one lot and that each of the parties would share a fourth of the profits from the venture. Nothing was said as to the relationship of appellee or as to the legal effect of the agreement.

The chancellor seems to have taken the view that the evidence established a relationship of principal and agent between appellee and appellant T. C. Caswell, and that the testimony concerning subsequent transactions was not sufficiently definite to show a change in the relative position of Duvall even after appellant Bowling was brought into the venture. We should feel great hesitancy in disturbing this finding. The conclusion is doubtful, to say the least. But, even if appellee was a partner and not an agent, it is certain that it was intended that his contribution to the venture would be labor and not money. In Heran v. Hall, 1 B. Mon. 159, 35 Am. Dec. 178, Chief Justice Robertson, speaking for the court, said:

"It is a general rule, applicable especially to such a single adventure as that in which the parties in this case were engaged, that when the capital of one party is money, and that of the other is labor, or other personal service, they are not partners, inter se, in the technical sense merely, because they had a mutual interest in the profits, and that, nothing else appearing, even considering them partners in the stock, he whose capital was labor, would not be liable to him whose capital was money, for contribution for any loss of capital in the adventure: for, in such a case, each will have sustained a correspondent loss of his capital, and neither of them would, therefore, be liable to the other for contribution."

The rule announced in Heran v. Hall, supra, was followed in Meadows v. Mocquot, 110 Ky. 220, 61 S. W.

28, 22 Ky. Law Rep. 1646. See, also, the annotation on this question in L. R. A. 1917E, at page 877. It follows that, under either view of the case, the judgment of the chancellor was correct.

Judgment affirmed.