## Stevie et al. v. Stevie et al.

May 19, 1939.

STEPHENS L. BLAKELY for appellants.

CHARLTON B. THOMPSON for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Kenton Circuit Court sitting in equity. Suit was filed by the appellee, Joseph J. Stevie, and his wife, since deceased, against the appellants, Rose Stevie and Elmer Stevie, her husband, to secure the cancellation, so far as appellees are concerned, of a certain note and mortgage held by Rose Stevie. Appellee is the brother of George Stevie and John Stevie, deceased, and is an uncle of appellant, Elmer Stevie. On June 19, 1930, the Stevie Department Store, by George Stevie, its president executed and delivered its promissory note due in ninety days in the sum of $15,000 to the Bank of Commerce and Trust Company of Cincinnati. John Stevie, George Stevie, Elmer Stevie, Joseph J. Stevie and an attorney named Francis Hoover endorsed the note. Joseph J. Stevie, the appellee, was the only one of the endorsers who had no direct connection with the Stevie Department Store. His endorsement was procured purely for the accommodation of his relatives. It appears, almost without dispute, that his signature was obtained as a result of fraudulent misrepresentations concerning the condition of the business and the use to which the proceeds of the note were to be placed.

The note to the Bank of Commerce was not paid when it fell due on September 19, 1930. Thereupon, after maturity, appellee, at the instance of his brother George, executed a mortgage to the bank on certain real estate owned by him worth approximately $5,000. George also delivered certain insurance policies of dubious value to the bank as further security upon the note. The bank, however, continued to demand the satisfaction of its debt and was finally successful in reducing the obligation to $8,760.75—principally through payments made by Elmer Stevie who seems to have been active in the transaction. In fact, it was found by the chancellor that Elmer conspired with the other endorsers to induce appellee to come into the picture.

Following the incessant demands of the bank for payment, George Stevie went to Elmer's wife, the appellant, Rose Stevie, who operated a beauty parlor in Cincinnati, and prevailed on her to put up the $8,760.75 necessary to pay the bank. On October 24, 1930, Rose Stevie paid the bank and it assigned its collateral to her and endorsed the note without recourse. On July 13, 1931, the Stevie Department Store filed a voluntary petition in bankruptcy and was adjudicated a bankrupt.

A sixty-day note signed by the Stevie Department Store alone, dated October 24, 1930, in the amount of $15,000, was given to Rose Stevie and made payable to her. It is admitted that this note represents the same transaction as did the note to the bank. The testimony is directly opposed as to the date on which this note was delivered. The chancellor found, on conflicting evidence, that this note was delivered and accepted on October 24, 1930. Certain it is that Rose Stevie filed this second $15,000 note with her proof of claim in bankruptcy as a creditor of the Stevie Department Store and received and accepted a dividend of six per cent on the face value of the note and not simply on the $8,760.75 which she had paid for the first note. She filed no proof of claim on the first note nor, apparently, did she exhibit the fact that there was any security for the debt on which her claim was based.

The chancellor directed the cancellation of the endorsement of appellee on the note to the bank and also cancelled the mortgage. In the face of the conflicting evidence we are not prepared to say that his conclusion was unsound. Certainly we are unable to say that his findings of fact were against the preponderance of the evidence.

Rose Stevie was not a holder in due course of the instrument, having taken it after maturity, and she did not trace her title through a holder in due course. Fidelity & Columbia Trust Company v. Nordeman, 266 Ky. 106, 98 S. W. (2d) 47. When she accepted the note of October 24, 1930, it was not simply a renewal of the note to the bank but an obligation direct to her as payee. In Fletcher American Company v. Culbertson, 215 Ky. 695, 286 S. W. 984, the payee of a note endorsed it to the Fletcher American Company. At maturity the makers executed a new note to the endorsee and this note was, in turn, renewed on several occasions. When suit was filed on the last note the makers undertook to rely upon a defense to the original instrument. The defense was disallowed and the Court said (215 Ky. page 698, 286 S. W. page 985):

"The original note having been executed to the Midwest Engine Company, and that company having transferred it to the Fletcher American Company, the execution of the renewal to the Fletcher American Company was a novation extinguishing the original debt. 'A novation is accomplished also

492

by the substitution of a new party to a contract whereby the rights and liabilities of the old party are extinguished.' 20 R. C. L. 363.

"The holder by such a novation releases the indorser from all liability, and the maker of the renewal loses all right to set up against the holder the defense of fraud in the obtention of the original note. In 8 C. J. 445, Section 659, the rule is thus stated:

" 'Where commercial paper is usurious or otherwise illegal, or is subject to the defense of fraud or want or failure of consideration, or other defenses, but has come into the hands of a bona fide purchaser for value, new paper executed to him in renewal of the same is valid.' "

While the note to Rose Stevie was not renewed, it was treated by her as an obligation direct to her for $15,000, and not simply as an obligation to pay the balance due on the old note. We are bound to look to her actions in the matter and, when we do, they support the chancellor's findings rather than her own recollection of the transactions. The most that can be said is that a reading of the testimony leaves the mind in doubt as to whether she accepted the second note in payment of the first or not. In the circumstances we are bound to follow the chancellor. Webster v. Webster, 269 Ky. 712, 108 S. W. (2d) 724; Bowling v. Duvall, 270 Ky. 494, 109 S. W. (2d) 1200; Buchanan v. Sledge, 272 Ky. 15, 113 S. W. (2d) 859.

Judgment affirmed.