## Hogan v. Hornbeck.

March 5, 1940.

William H. Field, Judge.

Woodward, Dawson & Hobson and A. Scott Hamilton for appellant.

Peter, Heyburn, Marshall & Wyatt for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, Teresa Hogan, plaintiff below, brought this action against the appellee, Ethel R. Hornbeck, trading as French Beauty Shoppe, to recover damages for injuries allegedly sustained when she was given a permanent wave in the appellee's shop in the fall of 1937. Miss Hogan alleged that, due to the negligence of the appellee's agent, she suffered burns on the right side of her head which injured her "seriously, painfully and

permanently.'' Miss Hornbeck filed a general denial, a plea of voluntary assumption of risk, and subsequently, by amended answer, a plea of contributory negligence. Miss Hogan denied that she assumed the risk, and, by agreement, the plea of contributory negligence was controverted of record.

The issues having been joined, proof was heard and at the conclusion thereof the trial court gave the jury three instructions, the first two of which are:

> "1. If you believe from the evidence that the operator of the machinery for giving the permanent wave to Miss Hogan used too much heat and that fact, if it was a fact, was known to the operator, or could have been known to her by the exercise of the utmost care observed by skillful and prudent operators of permanent wave machines under the same or similar circumstances, and that because of the use of too much heat Miss Hogan was burned, then you should find for her.

> "But, unless you so believe from the evidence you should find for the defendant, Miss Hogan.'' (Hornbeck)

> "2. Even though you should believe from the evidence that Miss Hogan was burned, yet, if you further believe from the evidence that the burn was an incident naturally and ordinarily connected with the prudent and skillful operation of a permanent wave machine, then you should find for the defendant.''

Nine jurors returned a verdict in favor of the appellee. Judgment was entered accordingly in which the appellant's petition was dismissed; hence this appeal.

It is earnestly insisted by counsel for the appellant that the second instruction should not have been given. This is the only ground upon which reversal is urged. On the other hand the appellee's counsel is equally insistent that the instruction was proper in that it simply told the jury that Miss Hornbeck "was not an insurer of the safety of persons receiving permanent wave treatment.'' Suffice it to say that the proof shows that Miss Hogan sustained a painful and serious injury on the right side of her head. She testified that she was in the

hospital about two weeks and was forced to undergo an operation which left a scar on her head.

The case of Davis v. Graves, 250 Ky. 654, 63 S. W. (2d) 803, 805, involved an action for damages by a party who was burned while being given a permanent wave. In that case we expressly refrained from classifying the services performed with reference to the degree of care to be exercised by the operators. See 63 A. L. R. 1074 for an Annotation on the liability of barbers or beauty specialists for injury to patrons. In the Davis case it was said:

> "We have refrained from classifying the services herein performed with reference to the degree of care required to be exercised by the performers because of our conclusion that the testimony in the case, and especially that introduced by plaintiff and her witnesses, sufficiently supports the verdict finding a failure to exercise ordinary care so as to render defendants liable for the consequences thereof, regardless of the proper classification in the law of negligence of those performing such services. * * *"

Furthermore, no question was raised on the appeal in that case as to the instructions given. In general, they were based upon the exercise of ordinary care on the part of the operator giving the treatment. There was also an instruction on contributory negligence. Ordinary care was defined as that degree of care usually exercised by ordinarily careful and prudent persons under the same or similar circumstances.

Here we have an instruction (No. 1), which would seem to require the exercise of extraordinary or utmost care on the part of the operator. This instruction, if standing alone, would place an unreasonable burden upon the operator. But the severity of the instruction is reduced materially when considered with the second instruction. That one seems to be based upon the doctrine of assumed risk, and, in our opinion, should not have been given. Two witnesses, with experience in the giving of permanent waves, testified that it was not a usual thing for a permanent wave machine to burn the person being given treatment. There was no proof to the contrary.

Nor do we think that an instruction similar to No. 2

is necessary in order for the operator or beauty shop owner to avoid the responsibility of becoming an insurer. All that is necessary, aside from the measure of damages, is an instruction based upon the exercise of ordinary care on the part of the operator or owner in giving the treatment. Ordinary care should be defined as that degree of care usually exercised by persons of ordinary skill, ability, and prudence engaged in the business of giving permanent wave treatments.

Wherefore, the judgment is reversed, with directions for proceedings consistent with this opinion.

Whole Court sitting.