# Rice v. Osborne.

February 13, 1948.

Watt M. Prichard, Judge.

P. H. Vincent for appellant.

J. W. McKenzie for appellee.

592

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Appellant, Charles Rice, brought this action against appellee, Grant Osborne, on an unsecured note for $650 executed to him by Osborne on Oct. 15, 1945, due 120 days after date. Osborne pleaded that the note was obtained from him through fraud and misrepresentation by Rice, was executed without consideration and it is uncollectible. The trial resulted in a verdict in favor of Osborne and Rice appeals.

Appellant assigns four grounds why the judgment should be reversed: 1. A verdict should have been directed in his behalf; 2. the verdict is not supported by the evidence; 3. he was entitled to a new trial because of newly-discovered evidence; and 4. improper argument of opposing counsel. The first and second grounds will be considered together.

On April 12, 1945, Rice sold at public auction his dairy farm of 148 acres located in Boyd County. The farm was sold in two or more tracts and Osborne bought 80 acres of the land, including the house and dairy barn, for $10,000. Some 2 feet from this barn was a small milkhouse, about 6 by 12 feet, in which there was a brine tank 4½ by 6½ feet, used for cooling milk. This tank contained a copper coil and would hold 300 gallons of brine. In the barn was a compressor set on a platform which operated the milking machine; also, there was another compressor in a shed behind the barn which operated the brine tank. In the loft of the barn was a hay fork which operated on a track attached under the apex of the roof. The note for $650 on which this suit was brought was given in payment of this dairy barn equipment, or rather was a renewal of that note.

Osborne testified that some few weeks after the sale, he executed the note to Rice with the understanding that he was not to pay the note if this equipment was not excepted by the auctioneer, Ben Johnson, at the time of the sale. It seems that Johnson lived in Virginia and could not be easily or quickly contacted. It was further testified by Osborne that he was not able to get into communication with Johnson by the time the note matured, therefore on Oct. 15, 1945, he renewed

the note for 120 days, with the same agreement with Rice that it would not be paid if Johnson said this equipment was included when the premises were sold by him. According to the testimony of Osborne, this equipment was attached to the barn and milkhouse and could not be removed without damaging the buildings. That although he did not hear the auctioneer announce at the beginning of the sale that the equipment was excepted, he produced witnesses who testified that the auctioneer announced that everything in the barn went with it, except the livestock.

Rice denied that either the original or renewal note was executed with any conditions imposed upon its payment; that the first complaint made to him by Osborne, that he had bought the equipment with the dairy barn and should not pay for it again, was some nine months after the auction sale. It was further testified by Rice that the auctioneer, Johnson, announced at the sale that the only equipment which would go with the dairy barn was "the stanchions and cow yokes." Rice is corroborated by Mobley Thomas as to the equipment being excepted by the auctioneer. Rice further testified that the equipment was not permanently attached to the buildings and could be removed without damaging the buildings or the equipment.

From this very brief resume of the evidence it is patent that there was a direct conflict in the testimony as to whether or not this equipment was reserved at the sale or whether it was sold with the realty. This made an issue for the jury and the court correctly submitted the question and did not err in overruling Rice's motion for a directed verdict. Also, the evidence was ample to support a verdict for either of the parties and we cannot say that the verdict is not sustained by the evidence.

Rice cites several authorities, such as Stevie v. Stevie, 278 Ky. 489, 128 S. W. 2d 946 and Holmes v. Clark, 274 Ky. 349, 118 S. W. 2d 758, to the effect that where there has been a renewal of a note, the defense is waived that the original note was not supported by a consideration, or was obtained through fraud. This is a correct statement of the rule. However, it has no application here because there was evidence that the renewal note was executed on the condition it would not

be paid unless this equipment had been excepted on the day of the sale.

The newly-discovered evidence upon which Rice sought a new trial was that of the auctioneer, Johnson. But in no respect may Johnson be said to be a newly-discovered witness. Osborne asked a continuance on the ground that Johnson was not present and set out in an affidavit what Johnson would testify if present. Rice opposed a continuance and moved for trial, which was granted. It cannot be doubted that Rice not only knew long in advance of the trial that Johnson was an important witness, but Osborne's affidavit gave Rice notice as to what Osborne expected to prove by Johnson and that he wanted him as a witness. It would seem that Rice did not desire Johnson as a witness at that time. When the court denied Osborne a continuance, he refused to let the affidavit be read as to Johnson's testimony because no diligence had been exercised by Osborne in obtaining Johnson's presence as a witness or in obtaining his deposition.

Rice cannot take his chances of going to trial without Johnson and then after an adverse verdict hope to obtain a new trial on the ground of newly-discovered evidence based upon what Johnson would testify if produced as a witness. Courts do not favor new trials and will not grant one on newly-discovered evidence unless it be shown that such evidence could not have been discovered before the trial by ordinary diligence. Caldwell County v. Hughett, 301 Ky. 397, 192 S. W. 2d 194; Tennessee Gas & Transmission Co. v. Cooke, 306 Ky. 160, 206 S. W. 2d 491.

Nor is there merit in Rice's contention that it was improper for Osborne's attorney to argue that he paid a big price for this land and improvements and he should therefore get the equipment attached to the dairy barn; or that Johnson told Osborne the equipment went with the barn. The uncontradicted evidence shows that Osborne paid $10,000 for the real property and it was a logical and proper deduction that he bought the equipment when he paid that sum. Also, there was no objection to Osborne's testimony that Johnson told him the equipment went with the barn. However, that may be, no objection was made to any of this argument at the

time. Nor is the argument made a part of the record by being incorporated in the bill of exceptions. The only place it appears is in the motion and grounds for a new trial and we have consistently held that is not sufficient. Davis v. Graves, 250 Ky. 654, 63 S. W. 2d 803; Vogt v. Keller, 289 Ky. 486, 159 S. W. 2d 29.

The judgment is affirmed.