EVANS, ADMR., *v.* HALTERMAN ET AL.

(Decided December 28, 1928.)

*Messrs. Bush & Clyburn,* for plaintiff.
*Mr. Garrett S. Claypool, Mr. George D. Nye,* and *Mr. Troy T. Junk,* for James W. Halterman.
*Mr. Clem V. Collins, Mr. Chase Stewart,* and *Mr. Ray Maddox,* for Meta O. Wilt.

KUNKLE, J. This case comes into this court on

appeal from the judgment of the court of common pleas. The plaintiff, U. G. Evans, administrator of the estate of Charles Halterman, deceased, in his petition alleges that he is the duly appointed, qualified, and acting administrator; that defendant James W. Halterman is the father; that the defendants Bert Halterman and Floyd Halterman are the brothers; that the defendants Sadie Hammerstein and Myrtle Gordon are sisters of said Charles Halterman, deceased; that said defendants are the sole surviving next of kin of the whole blood of Charles Halterman, deceased, who died on or about December 23, 1926; and that the defendant Meta O. Wilt is the duly appointed, qualified and acting administratrix of the estate of Caroline C. Halterman, deceased, who also died on or about the 23d day of December, 1926, and who was the wife of said Charles Halterman.

Plaintiff alleges that both Charles Halterman and Caroline C. Halterman died intestate and left estates consisting of personal property only; that plaintiff as such administrator has paid the debts of and claims against the estate of said Charles Halterman; and that he has funds belonging to the estate in his hands for distribution, under the provisions of Section 8578, General Code, to the legal heirs of the deceased.

The plaintiff further states that both the said Charles Halterman and Caroline C. Halterman, his wife, were murdered at or near the same time and place, and that there is a dispute and controversy between the parties as to who is entitled to receive said estates on distribution. The father of Charles Halterman claims that Caroline C. Halterman died

first, and that by reason thereof he is entitled to receive one-half of said net estate in plaintiff's hands for distribution. The personal representative of Caroline C. Halterman claims that Charles Halterman died first, and that by reason thereof his estate passed to his said wife, Caroline C. Halterman, and that the same should be paid over and distributed to the defendant Meta O. Wilt, her administratrix. Plaintiff further states that both parties to this controversy have demanded that plaintiff, as such administrator, make distribution to them, and, as plaintiff is in doubt as to his duties and cannot safely proceed or determine the matters in controversy, it is necessary for the proper execution of his duty as administrator that he should receive the judgment and direction of the court as to the rights of the parties and as to his duties in the premises.

The case was submitted to the lower court upon the petition of the plaintiff, the answer of James W. Halterman, the answer and cross-petition of Meta O. Wilt, administratrix of the estate of Caroline C. Halterman, deceased, the answer of James W. Halterman to the cross-petition of Meta O. Wilt, administratrix, and the evidence. The case was submitted to this court upon the above pleadings, together with a transcript of the testimony taken in the lower court.

The case resolves itself into one of probabilities. In brief, it is admitted by counsel that both Charles Halterman and Caroline C. Halterman were murdered on the 23d day of December, 1926, by Leo Halterman, a half-brother of Charles Halterman. Leo Halterman has been convicted of the murder of

Charles Halterman and has been electrocuted. The further facts as disclosed by the evidence are briefly as follows:

Charles Halterman and his wife, Caroline C. Halterman, resided upon a farm in Fayette county at the time in question. Charles Halterman was murdered by being shot once in the back, and once in the head, near the ear. Both wounds were inflicted by a shotgun. Caroline Halterman was beaten about the head. Her face and head were badly beaten. One of the witnesses stated that the bones scraped when he took hold of her head. The body of Charles Halterman was found some little distance from the house, and that of Caroline Halterman was found near the house. These murders occurred in the early morning of December 23, 1926. Charles Halterman had evidently risen and was engaged in doing the morning work about the barn. His lantern was found near where the body lay. He was fully dressed. Caroline Halterman was only partially dressed; that is, she had on zippers, some kind of overshoes, and a bathrobe.

It is apparent from the record that, while Leo lived at the home of his brother Charles, the relations between them were somewhat strained. Leo complained that his brother had been unkind to him in different ways, and he also thought his brother was responsible for the continued estrangement between him and his wife. It also appears that the relations between Caroline and Leo were more friendly. She cared for his two children, and appears to have treated him kindly. The brothers did not get along so well. It is apparent to us that when Leo shot his brother Charles the noise of the shots

attracted the wife, who hastily left the house, when but partially dressed, for the purpose of going to the rescue of her husband. There is evidence tending to show that there was a scuffle, near where the body of Charles was found, between Leo and Caroline, and in all probability her death resulted from her going to the assistance of her husband, and, probably, for the further purpose on the part of Leo of removing a witness to the killing of Charles.

Dr. Wilson was the first to arrive on the scene after the double murder. He was telephoned by Leo Halterman, the self-confessed murderer of both of these people. The doctor says this was early in the morning. Leo's explanation to the doctor was that there were chicken thieves about the premises, and that Charles and his wife had gone out to intercept them and had both been hurt; that Charles was dead, and that Caroline still had some pulse, and that he asked him to come over. This testimony of Leo is objected to as being incompetent. The confession of Leo in the criminal case in which he was prosecuted in Fayette county was also introduced in evidence. This testimony is objected to by counsel for plaintiff. Without reciting the gruesome details further, we have reached the conclusion upon a consideration of the evidence that the strong probabilities are that Charles Halterman was instantly killed and was the first to die. The testimony of Dr. Wilson is to the effect that while the shot in the back would not necessarily have caused instant death, the shot in the head near the ear would probably have caused instant death. The fact that no blood was found near his body until after the body had been moved, when the blood oozed freely therefrom, is an indication

that the heart had suddenly stopped beating and that the blood would not flow from the wounds until after the body was moved. There was a profusion of blood around the body of Caroline, showing that the nature of the wounds which had been inflicted upon her caused her to bleed very freely. This might account for her body appearing to be colder than that of Charles when viewed by one of the first witnesses on the scene. The fact of her body being colder could be accounted for by the great loss of blood and also by the fact that she was very thinly clad at the time of the injury, whereas Charles was fully dressed and had lost very little blood. Without undertaking to further recite the circumstances connected with this tragedy, we are of opinion, even if the confession of Leo Halterman and his statements to Dr. Wilson are eliminated, that under the other evidence the probabilities are that Charles Halterman died first, and the decree of this court will be that the plaintiff pay to Meta O. Wilt, as administratrix of the estate of Caroline C. Halterman, deceased, the funds in dispute.

*Decree accordingly.*

FERNEDING and ALLREAD, JJ., concur.