## Wood v. Wood et al.

(Decided Dec. 12, 1933.)

COLEMAN TAYLOR and G. SAMUEL MILAM for appellant.
OSCAR M. SMITH and C. T. McCORMICK, Jr., for appellees.
LELAND H. LOGAN guardian ad litem.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On January 12, 1929, G. B. Wood, a resident of Logan county, died childless, survived by his widow, Bettie Wood, and several collateral relatives. His widow instituted a proceeding in the Logan county court to probate an alleged lost will by which he devised all his property to her. Probate was refused by the county court, and on appeal to the circuit court the jury, on October 4, 1929, returned a verdict against the alleged will pursuant to a peremptory instruction. On appeal to this court the judgment rendered pursuant to the verdict was affirmed on the ground that no witness testified to the substance of the will, and that the only evidence of its substance was the declarations of the testator, which were insufficient to take the case to the jury. Wood v. Wood, 241 Ky. 506, 44 S. W. (2d) 539. After the motion and grounds for a new trial had been overruled, the widow filed her petition for a new trial on the ground of newly discovered evidence. A new trial was refused, and the correctness of this ruling is challenged by this appeal.

The facts shown on the first trial were these: G. B. Wood and his wife had been married about 30 years, and had lived happily together. While out attending to some business at a bank, he was suddenly stricken, and survived the attack for only a few hours. Several years prior to his death he had told his wife that he had made a will devising to her his entire estate and nominating her as executrix. A neighbor, who, like Mr. Wood, had a wife and no children, and was on intimate terms with Mr. Wood, agreed that each ought to make a will leaving his property to his wife. They proceeded to the office of Wilbur F. Browder, a prominent lawyer of Russellville. Mr. Browder prepared a will for the witness, but it was not executed on that occasion. He saw the attorney and his assistant prepare a document for Mr. Wood, and saw Mr. Wood, Mr. Browder, and the assistant signing a paper. He did not know the contents of the paper, and could not state that all three of

the persons mentioned signed it. Thereafter Mr. Wood had told him that he had made his will and willed all his property to his wife. Witness got Mr. Wood to keep his will, which was found in a private lock box at the bank with the papers of Mr. Wood, but there was no will of Mr. Wood in the box. A diligent search failed to discover any such document.

It also developed that Mr. Browder had, on January 4, 1915, made a charge on his account book against G. B. Wood "for writing his will this day." In connection with the charge there appeared in the handwriting of Mr. Browder the notation, "See it in my safe." The account was paid on February 11, 1915, by a check signed "G. B. Wood" marked "Account to date." The young lady who was Mr. Browder's assistant did not remember writing or witnessing the will, or know anything of its contents. After Mr. Browder's death, she found in his safe a number of papers, such as wills and the like, and delivered them to the owners or the persons entitled thereto, but she had no definite recollection of finding Mr. Wood's will, and did not recall that she even knew him. She did have an indefinite impression, however, that Mr. Wood's will was left by him at the county clerk's office. Another witness testified that Mr. Wood had told him that his will was at the county clerk's office. Mr. Wood also told numerous other persons that he had made a will by which he devised all his property to his wife, and he informed a neighbor just two days before his death that his affairs were arranged so that, if he died before his wife, his estate would go to her.

The newly discovered evidence on which the new trial was sought, and which it was claimed could not have been discovered by reasonable diligence, was that of J. Henry Roberts, formerly county court clerk of Logan county. That evidence as disclosed by his affidavit filed with the petition for a new trial, and his deposition taken on interrogatories and cross-interrogatories, is in substance as follows: He was county court clerk of Logan county from 1922 to 1926. During his term of office G. B. Wood, who was well known to him, brought to his office a will and paid him $1 for its safe-keeping. By the will, which he read at the time, G. B. Wood devised all his property to his wife, Bettie Wood. The will was witnessed by Mrs. Mariam Stephen-

son and W. F. Browder, and signed by Wood in the presence of two witnesses who signed in his presence. This will was left in his office, and was there when he surrendered the office to Emerson Beauchamp, his successor, and the will was never withdrawn while he was clerk. He told Mrs. Wood's brother, Wood Lacey, with whom she lived, about the contents of the will. He had a letter in June, 1929, from Coleman Taylor, Russellville, Ky., asking him if he remembered Mr. Wood's filing a will in his office while he was county clerk. He had not been in Logan county at any time within the year 1929, and on November 17, 1929, he wrote Mr. Taylor a letter imparting the information. The improbability of the witness' testimony is strongly and ably argued, but we are not now concerned with that phase of the case. If the statements of the witness be true, and that is a question for the jury, his evidence of the execution and the contents of the will was sufficient to supply the missing link in the evidence heard on the trial, and require the submission of the case to a jury. As there was no other evidence to the same effect, it necessarily results that the newly discovered evidence was of such a decisive and controlling character as would probably change the result, and therefore sufficient to require a new trial, provided appellant used reasonable diligence to procure the evidence before the trial, a question which we shall now proceed to consider. Cincinnati, N. O. & T. P. R. Co. v. Cecil, 164 Ky. 377, 175 S. W. 654; Mason, Evans & Keys v. Meloan, 165 Ky. 582, 177 S. W. 435.

Roberts had lived out of the state for several years, and was not back in Logan county during the year 1929. However, his mother lived in the county. Mrs. Wood made inquiries at the clerk's office for the will, but was informed there was no will there. In getting the evidence, she depended on her attorney, Coleman Taylor. Taylor made inquiries of the clerk and his deputies, and also searched the office himself, but was unable to find the will. He did not learn that Mr. Roberts knew anything about the will until in the month of November, 1929. It is argued that this evidence is contrary to that of Roberts, who admits receiving a letter from Mr. Taylor during the month of June, 1929. However, there is no evidence that he answered the letter at that time, or at any time before the middle of November. Further-

more, even if Roberts received a letter at that time, this is evidence that Mr. Taylor was seeking to find out what he knew about it. It is also suggested that, as Mrs. Wood lived with her brother, Wood Lacey, who was informed of the contents of the will by Roberts, she must have ascertained from him what Roberts had said about the will. This she denies, but, even if she did, this went no further than to show that her husband had made a will leaving her his property. Clearly the fact that there was no will in the clerk's office, and that none of his deputies, or the deputies under Roberts, ever saw the will or heard of its being filed, was calculated to throw Mrs. Wood and her attorney off their guard. However, they did not stop there, but did address an inquiry to Roberts, but were not informed of what he knew until after the trial. Looking at the conduct of Mrs. Wood and Mr. Taylor in the light of all the facts and circumstances, we are not disposed to the view that they failed to exercise reasonable diligence before the trial to discover what Roberts knew about the will. We therefore conclude that the trial court abused a sound discretion in not granting a new trial on account of the newly discovered evidence.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.