## Morgan et al. v. Mosley.

(Decided Nov. 26, 1935.)

W. H. LEWIS for appellants.

J. M. MUNCY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

In the month of November, 1919, Elihue Mosley sued Henderson Morgan and his wife to quiet his title to a tract of land lying in Leslie county south of the dividing ridge between Short creek and Muncy's creek and inside of the John Bowling 100-acre survey. The Morgans denied Mosley's title and asserted title in themselves. The Morgans showed title from John Bowling to whom a 100-acre patent was issued on a

survey dated February 7, 1839, and proved that they and those through whom they claimed had been in possession of the patented boundary for more than forty years. On the other hand, it was shown that Mosley had a deed covering the land in controversy and other lands, but his record title was inferior to that of the Morgans; thus there was a conflict between the deeds under which the parties held and the only controversy was over the land common to both. In view of the fact that the Morgans had the superior title, it was necessary for Mosley to show title by adverse possession. This he undertook to do, but failed to show that he ever made an actual entry within the conflict or lap until a short time before the suit was brought. The chancellor found for Mosley on the theory that neither he nor Lucy Bowling, through whom he claimed, showed any title to any portion of the land, and that being true, his entry upon the land, although outside of the lap, was tortious as to every part thereof and had the effect of reducing to his possession the entire tract described in his deed. On appeal the theory of the chancellor was rejected, and it was held that the entry of the Mosleys outside the lap did not give them possession of any of the land within the lap as against the Morgans who were in possession under their patent from the commonwealth. It was also held that Mosley could not recover on the theory of a presumed lost grant, inasmuch as possession is essential to the presumption. Accordingly, the judgment was reversed on December 9, 1924, and the cause was remanded with directions to enter judgment in favor of the Morgans. Morgan v. Moseley, 206 Ky. 72, 266 S. W. 876.

On March 17, 1925, the chancellor, following the mandate of the court, rendered judgment quieting the title of the Morgans to the land in controversy. On August 12, 1926, Mosley brought this action for a new trial. On August 6, 1934, a new trial was granted, and again the Morgans have appealed.

The ground on which a new trial was asked by Mosley was newly discovered evidence which he could not by reasonable diligence have discovered or produced at the trial to the effect that a conditional line had been agreed upon by the former owners of land on Short creek and Muncy's creek. The evidence con-

sisted of a deed executed on January 20, 1878, by John Roberts and Lucy Roberts to John H. Bowling, now of record in the Clay county clerk's office, and of the affidavit of John H. Bowling to the effect that he was acquainted with John Bowling, Stokely Bowling, C. H. Godsey, Lucy Godsey Bowling, and he had heard all of them claim that the top of the ridge and mountain between Short creek and Muncy's creek was the conditional line between Lucy Godsey, later Lucy Bowling, Stokely Bowling, and James Lewis, and that they claimed same as long as they lived on said lands; also the affidavit of John C. Bowling to the effect that he moved to the mouth of Short creek on or about November, 1889, and lived there until the spring of 1891; that during the time he lived there he bought the land from John Lewis, who gave him a title bond to the land around the mouth of Short creek; that he sold said land to Jasper Morgan and John Lewis made him a deed for the land; that he only claimed to the top of the mountain between Short creek and Muncy's creek; that he always considered the top of the mountain was the conditional line between him and the Mosleys on the Muncy's creek side, as far up as his and their lands extended; that he did not disclose or divulge the aforesaid facts to said Elihue Mosley until the 1st day of March, 1926. In addition to the affidavits, the depositions of Mosley, John C. Bowling, John H. Bowling, and W. H. Mattingly were taken.

In view of the fact that the original action pended for about five years in the lower court, and for about a year in this court, and that the application for a new trial was not made until seven years after the original action was brought, it may be doubted if Mosley used any kind of diligence to discover the evidence relied on for a new trial. But be this as it may, there is a more important reason why a new trial should not have been granted. No rule of law is better settled than that a new trial will not be granted for newly discovered evidence, unless it be of such a decisive character as to render a different result reasonably certain. Reid v. Craig, 204 Ky. 151, 263 S. W. 678; Johnston v. Williams, 187 Ky. 764, 220 S. W. 1057. The ground on which the new trial was sought is that many years ago a conditional line was established between the predecessors in title of the parties

to the action. The deed relied on is vague and uncertain, and has no more bearing on the question than other instruments in the record. The affidavits and depositions tell of what the witnesses had heard or understood concerning the existence of a conditional line. This evidence falls far short of showing the elements necessary to establish a "conditional" or division line. It does not show that there was a bona fide controversy between the adjoining landowners as to the location of the division line. It does not show that the ridge was agreed on as a division line and the agreement executed either by a marked line or by actual adverse possession. Warden v. Addington, 131 Ky. 296, 115 S. W. 241; Garvin v. Threlkeld, 173 Ky. 262, 190 S. W. 1092. It is therefore clear that the newly discovered evidence is not of such a decisive character as to render a different result reasonably certain. It follows that a new trial should not have been granted, and that the trial court abused a sound discretion in so holding.

Judgment reversed and cause remanded with directions to dismiss the petition.