# Leach et al. v. Gill et ux.

Oct. 14, 1938.

O. P. ROPER and FRANK RIVES for appellants.

J. D. STANDARD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and one of the defendants below, Richard H. Gill, Jr., was a second cousin of Eugene Gill, Sr., now deceased, and is such relative (but with one degree removed) of the heirs of Eugene Gill, Sr., who are the plaintiffs in this action with the widow of Eugene, Sr., as an additional plaintiff. The action is one brought in the Todd Circuit Court against appellees by the appellants as plaintiffs on August 12, 1935, under the provisions of section 518, Civil Code of Practice and its immediately subsequent ones, to obtain a new trial of an action filed in the Todd circuit court on October 30, 1930, by Richard H. Gill, Jr., against the plaintiffs in the instant action. The action in which the attacked judgment was rendered will hereafter be referred to as the "Richard H. Gill" action, and the one filed to obtain a new trial will be referred to as the "instant" one. The Richard H. Gill action was one filed against plaintiffs in the instant action (Eugene Gill, Sr., having died intestate leaving a widow and the other plaintiffs in the instant action as his heirs) to enforce the collection of a note executed to Richard H. Gill, Jr., on October 8, 1925, and signed by Eugene Gill, Sr., and his wife, Alice A. Gill, which was secured by a mortgage on a tract of land in Todd county containing about 180 acres. The petition prayed for a foreclosure of that mortgage as a part of the complete relief that plaintiff therein sought. Upon the death of Eugene Gill, Sr., intestate, his wife, Mrs. Alice A. Gill, qualified as administratrix of his estate and she was proceeded against in the Richard H. Gill, Jr., action as such administratrix and also individually—the latter because she had signed both the note and the mortgage to secure it upon which that action was based. The other defendants in that action were three heirs of Eugene Gill, Sr., and their spouses, one of the latter (undivorced wife of a male heir) being a non-resident of the state at the time of the filing of that action, but whose residence was unknown and so stated in the petition, which was verified. One of the heirs of Eugene Gill, Sr., Mrs. Mary Leach, with her husband, was also a non-resident of the state at the time and resided in Detroit, Michigan.

Such non-resident parties were proceeded against by constructive service (warning order) duly made upon proper showing. After it had ripened and the report of the appointed non-resident attorney was filed—and long after all of the resident defendants had been sum-

moned for the time required by law—the cause was submitted for judgment and the court rendered a personal judgment against the widow of Eugene Gill, Sr., who had signed the note and mortgage to Richard H. Gill, Jr., but no judgment was rendered against her as administratrix of her husband's estate, although the petition had prayed for that relief. The judgment also enforced the mortgage lien against the land—80 acres of which was owned exclusively by Mrs. Eugene Gill, Sr., while the other 100 acres was owned jointly by her and her husband. The judgment ordered a sale of the property to satisfy the lien, but it was not made by the commissioner who was directed to do so, for quite a while after the rendition of the judgment. At that sale the plaintiff in that action (Richard H. Gill, Jr.) became the purchaser for an amount exceeding his judgment, interest and costs of $582.89, which was distributed among the heirs who are the plaintiffs in the instant action, but defendants in that one. The sale was confirmed without exceptions filed to the commissioner's report of it, and deed was later made by him to the purchaser who took possession and who, before any effort was made to question his purchase, made lasting and valuable improvements upon the land, which greatly enhanced its value.

The first step taken by anyone calling in question the validity of the judgment and sale made thereunder was made and done in the action of Richard H. Gill, by the filing of an affidavit of Mrs. Leach in support of her motion to set aside all of the proceedings had and done in that case, upon the same grounds now urged in the instant action and to be hereinafter stated. Such motion and affidavit were made and filed on July 18, 1935, 25 days before the instant action was filed, but no disposition of that motion appears to have been made. The instant action, seeking the relief supra, was based upon these alleged grounds: (1) That the three non-resident defendants (Mrs. Leach, her husband and the undivorced wife of a male heir) were before the court at the time the judgment was rendered upon constructive service only, and that Mrs. Leach had no actual notice of the action at the time of the submission of the cause and the rendition of the judgment—she denying that she ever received any notice from the warning order attorney; but there is no contention but that her proper address was given in the affidavit made for the warning order;

(2) that neither the note nor the mortgage was filed with the petition in that (Richard H. Gill) action; (3) that no demand of the verified note was made by plaintiff in that action of the personal representative for payment; (4) that it was not shown in that case that Eugene Gill, Sr., did not own at the time of his death sufficient personal estate to pay the debt and that the judgment was rendered without any proof taken—contrary to what is claimed to be required under the provisions of section 126 of the Civil Code of Practice; (5) that no bond was executed by plaintiff therein as is required by section 410 of the Civil Code of Practice in favor of defendants constructively summoned; (6) that no proof was heard as to whether a less quantity of the land than the whole was of sufficient value to discharge the debt, and the land was sold as a whole and purchased by the plaintiff in the action, and (7) that on April 29, 1931, Eugene Gill, Jr. (an heir of his father and a plaintiff herein), paid to Richard H. Gill, Jr., on the judgment the sum of $750 for which it is averred the plaintiff in the judgment agreed not to direct a sale of the land under the judgment referred to for one year thereafter and that he nevertheless procured the land to be sold in September, 1931, less than the full period of that agreed extension.

The answer of defendants in the instant action put in issue all of such grounds, and in addition thereto it was pleaded that the alleged agreement for postponing the sale, even if true, was without consideration. Furthermore, that plaintiffs, having received and accepted their portion of the surplus proceeds of the sale were estopped to now question the correctness of the proceedings under which it was realized. Other affirmative matters in the answer and counterclaim stated the facts under which the debt was created, which was the assumption of the same amount of indebtedness that Mr. and Mrs. Eugene Gill, Sr., owed to another creditor who was pressing them for payment, and that it was upon their earnest solicitation that Richard H. Gill, Jr., agreed to pay off that debt and to substitute himself as their creditor instead of their former one. It was likewise averred by defendant herein that since taking possession of the property under his decretal purchase he had made lasting improvements to the land which enhanced its value to the amount of about $4500. After the cause (instant action) was submitted, the court ren-

dered judgment dismissing the petition, and to reverse it plaintiffs prosecute this appeal.

A vast amount of proof was taken, but we are convinced that counsel for appellants are correct when they state in their brief—"There were a good many depositions taken on the motion and petition for a new trial, very few of which the writer deems pertinent to the question. * * * Very little of the evidence is pertinent to the issue herein, as most of the questions raised are apparent on the pleadings and orders." Before taking up any of the other grounds we deem it proper to say that it is quite probable that the pleaded estoppel is itself a complete defense to the entire relief sought by the instant action. However, for reasons to be stated in disposing of the first six grounds we have concluded to not so positively declare, since our conclusions with reference to them requires an affirmance of the judgment.

It will be observed—as is declared by cases cited in the notes to section 3870 of our present statutes, requiring proof of claims against decedents' estates, and cases cited in the notes to section 126 of our Civil Code of Practice, requiring evidence against defendants constructively summoned, and sections 410 and 414 relating to the giving of bond in such cases, and sections 518 and 521, with reference to petitions for a new trial after the expiration of the term at which a judgment was rendered—that grounds (3), (5) and (6), even if true, were only errors which would not render the judgment sought to be set aside void, and neither of them relates to or affects the merits of the claim asserted against the estate of Eugene Gill, Sr., in the Richard H. Gill action. It will also be observed that no judgment was rendered against the estate of Eugene Gill, Sr., or his personal representative in her fiduciary capacity, but only against her individually, and certainly she can not complain of the want of verification, against the judgment against her personally when she was jointly bound with her husband to pay the debt involved in the Richard H. Gill action, nor, for the same reason, may her co-plaintiffs do so. Plaintiff in that action verified his petition and we are inclined toward the conclusion that, the indebtedness being a duly executed note, such verification would be a substantial compliance with the statute requiring it, which is section 3870 of our compilation.

It is also doubtful whether or not the bond pre-

scribed by section 410 of the Civil Code of Practice is required where the complaining non-resident defendant was interested jointly and exactly to the same extent as are resident co-defendants who were actually summoned in the cause, and who made no objection to either the judgment or the sale at the time they were rendered and made, but suffered the report of the master commissioner to be confirmed and a deed made to the purchaser without raising their voices in opposition thereto.

The same doubt—for the same reason—exists with reference to ground (6) complaining of the absence of proof taken, as is required by section 126 of our Civil Code of Practice. But, whether we be correct in what we have thus far said with reference to the availability in this action of grounds (3), (5) and (6) we deem it sufficient to say that neither in the motion made in the Richard H. Gill action 25 days before the filing of the instant one, nor in any of the plaintiffs' pleadings in the instant one, was there any denial of the indebtedness or the mortgage involved in the Richard H. Gill action, or any meritorious defense of any kind in any manner attempted to be relied on. Section 414 of the Civil Code of Practice provides for a special procedure by a defendant constructively summoned whereby he may within 5 years after rendition of the attacked judgment take advantage of the failure to execute the bond required by the prior section (410) of the same Code. But that remedy is not exclusive, and the non-resident defendant, so constructively summoned, may prosecute an action under section 518 of the same Code without resorting to the one provided by its section 414, though both actions may not be employed and pend at the same time. See subsection 2 of section 518. The procedure to obtain a new trial under the latter section is the filing of an independent action, as set out in section 520 of the Civil Code of Practice. But the petition for such relief must set out—and the plaintiff prove, if denied—a defense to the original action. Williams v. Taylor, 11 Bush 375; Prater v. Campbell, 110 Ky. 23, 60 S. W. 918, 22 Ky. Law Rep. 1510; Roberts v. Baker, 238 Ky. 337, 38 S. W. (2d) 8; Babb v. First National Bank of Mayfield, 229 Ky. 498, 17 S. W. (2d) 404; Kammerer v. Brown, 234 Ky. 199, 27 S. W. (2d) 959; and Thacker v. Thacker, 255 Ky. 523, 75 S. W. (2d) 3. The same requirement is demanded in all permissible proceedings for the obtention of a new trial, whether the judgment

was rendered by default or upon a hearing, as will be found to be true, and as so declared, in cases cited to all sections of the Code permitting the granting of new trials. That requirement is essentially just and in accord with logic and common sense, since it would be futile to set aside a judgment duly rendered when the court had jurisdiction of the subject matter and of the person of the defendant or defendants, in conformity with the law, if the applying defendant for the new trial has no defense to the action. It is true that in plaintiffs' pleading they averred the non-existence of the debt forming the basis of the attacked judgment, but they expressly stated that such denial was based *solely* upon the fact that no verification and presentation of the claim was made, and which was the only reason that the validity of the debt was called in question. We are, therefore, thoroughly convinced that none of the grounds, (3), (5) and (6) are available in the conditions presented by the record.

We deem grounds (1), (2) and (4) as wholly without merit. It was not contended in support of ground (1) that any requirement of the practice to obtain the constructive service against the non-resident defendants in the Richard H. Gill, Jr., action were omitted; and the fact, if it be one, that Mrs. Leach did not receive the letter addressed to her by the warning order attorney did not render the warning order, or any of the steps necessary for constructive service, invalid.

Ground (2) was disproven by the evidence heard upon the instant action, and copies of the note and mortgage were actually filed by plaintiffs as an exhibit with their petition. Ground (4) is without merit because a creditor, whose debt is secured by a lien upon particular property has the right to enforce his lien and is not relegated to the duty or required to search around to ascertain whether or not there is other property out of which his debt might be realized. However, if it were otherwise with reference to grounds (1), (2) and (4), then plaintiffs in the instant action are still met with the fact that they alleged no defense to the claim in the original Richard H. Gill action, and for that reason, as hereinbefore pointed out, they could not avail themselves of the last three mentioned grounds, any more than they could avail themselves of the other three, in the absence of the presentation of a defense.

Wherefore, for the reasons stated, the judgment is affirmed.