## Stephens et al. v. Epperson.

May 10, 1940.

John W. Caudill, Judge.

Napier & Napier for appellants.

T. E. Moore, Jr., for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellants, W. A. Stephens and wife, as the plaintiffs below, instituted this action against Thomas Epperson to vacate a judgment he recovered against them and to obtain a new trial. The plaintiffs sought to enjoin the master commissioner and the sheriff from selling certain lands under an execution issued upon the judgment sought to be vacated, but we are not concerned with this phase of the case. The petition seeks a new trial on the following grounds: 1. Newly discovered evidence; 2. unavoidable casualty and misfortune; 3. the judgment was prematurely rendered.

Stephens and Epperson are friends and neighbors residing in Clark County. In April, 1928, they purchased certain timber and mineral lands in Knott County, taking title jointly in themselves. Epperson furnished all the money to pay for the lands under an agreement that Stephens would re-pay him half of the purchase price. The speculation did not prove profitable and on May 12, 1932, Stephens and wife executed

their note to Epperson for $2,273.77, due twelve months after date, secured by a mortgage on his one-half undivided interest in the Knott County lands in payment of half of the purchase price Stephens owed Epperson.

On February 7, 1935, Epperson filed a petition in equity in the Knott Circuit Court against Stephens and wife on the note and mortgage. In his answer and counter-claim Stephens admitted executing the note and mortgage, but pleaded affirmatively that at the time they were executed Epperson agreed not to enforce collection until the timber market improved in order that Stephens could satisfy the debt from timber sold from the land. Stephens further averred he and Epperson had employed Pearl Patrick to supervise their lands and that he (Stephens) had paid her certain sums for this work, the amount of which he did not know, and that she should be made a party to this action and be required to set up her claim. Pearl Patrick filed an intervening petition alleging Stephens and Epperson were indebted to her for services in the sum of $20 a month from April 13, 1928, to October 15, 1935.

Epperson's general demurrer to the answer and counter-claim of Stephens and his motion to strike the intervening petition of Pearl Patrick were both sustained. Thereafter the judgment recites: "By agreement of parties this suit is submitted for final judgment to the court." On November 28, 1935, judgment was entered adjudging Epperson should recover from Stephens and wife the amount of the note, $2,273.77, and ordering Stephens' one-half interest in the lands sold to satisfy the mortgage lien. This is the judgment Stephens and wife seek to have vacated in this action.

The newly discovered evidence the Stephens rely upon for a new trial is a written agreement between Stephens and Epperson which the petition for a new trial alleges he did not know he had and was found among his papers after judgment was rendered in the original action, and could not have been discovered by reasonable diligence, in time to produce it on the trial. This agreement reads:

"This agreement made and entered into this the 13th day of April, 1928, between Thomas Epperson and W. A. Stephens, and certifies that Thomas Epperson has furnished all the money to purchase

all the land and minerals and leases that are deeded to us in partnership, and W. A. Stephens agrees to give a mortgage on his half to secure me for my money, and agrees to pay annual interest and taxes and principal at four years time, but if anything is sold off the place he agrees to put in on the principal to reduce same, and if no part is paid in four years the places fall to Thomas Epperson. All interest and taxes must be kept paid by W. A. Stephens.

"(Signed) Thomas Epperson
"W. A. Stephens."

At one place in his testimony Stephens said this agreement was lost or misplaced and he did not know that he needed it; while on cross-examination, he said the agreement was not lost and testified: "I didn't know that I would need it."

Courts do not favor the granting of new trials upon the ground of newly discovered evidence and where a party could have produced such evidence by reasonable diligence, he should not be allowed to retry the issue. Here Stephens used no diligence to produce this contract and it cannot be said he discovered it after the trial because he had it in his possession all the time. But there is a stronger reason for not granting Stephens a new trial. It is well settled that a new trial will be granted on account of newly discovered evidence only where such evidence is so material or of such convincing nature as to be likely to produce a different result. Reid v. Craig, 204 Ky. 151, 263 S. W. 678; Morgan v. Mosley, 262 Ky. 658, 90 S. W. (2d) 1013; Holliday v. Tennis Coal Co., 264 Ky. 371, 94 S. W. (2d) 657, 660.

We cannot agree with Stephens' contention that this agreement bound Epperson to accept his half interest in this land in full satisfaction of his indebtedness in the event Stephens did not pay same in four years. A reading of this contract shows no such agreement on the part of Epperson. On the contrary, it is written evidence of Stephens' indebtedness to Epperson for half of the purchase price of the lands, and shows Stephens agreed to mortgage his half interest in same to secure his indebtedness to Epperson. But admitting arguendo, the construction Stephens contends is the proper one to be given this agreement, yet the agreement was merged

into the note and mortgage Stephens and wife executed to Epperson on May 12, 1932, or rather the note and mortgage superseded the agreement of April 13, 1928. It would appear the note and mortgage were made pursuant to the agreement of April 13, 1928, since they were executed so soon after the four-year period mentioned therein had expired.

The Holliday case, supra, enumerates five requirements which newly discovered evidence must measure up to in order to warrant the granting of a new trial:

"(1) That the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching."

Stephens' so-called newly discovered evidence does not measure up to any of these five requirements and the chancellor properly dismissed his petition.

It is obvious that it would be idle to vacate a judgment and grant a new trial on defendant's application unless a valid defense to the original action is established, Section 521, Civil Code of Practice; Noe v. Davis, 171 Ky. 482, 188 S. W. 457; Louisville Joint Stock Land Bank v. McMurry, 278 Ky. 238, 128 S. W. (2d) 596; Leach v. Gill, 276 Ky. 97, 122 S. W. (2d) 789. As Stephens has failed to show he has a valid defense to Epperson's action, it is unnecessary for us to consider his grounds of unavoidable casualty and that the original judgment was prematurely taken. However, we will say in passing that the record fails to show illness or any other casualty preventing him from defending the original suit; nor was that action prematurely submitted for judgment under Section 367a-5 of the Code, which requires the pleadings in an equity case to be made up thirty days before the case stands for trial. The judgment shows the cause was submitted by agreement. But if it had not been submitted by agreement, Section 367a-5 would have no application because the pleadings in the original action raised no issue of fact. Section 367a-5 applies only where there is an issue of fact raised by the pleadings, and the party is prejudiced by a pre-

mature submission of the case. Hazelwood v. Webster, 78 S. W. 123, 25 Ky. Law Rep. 1388; Walters v. Godsey, 246 Ky. 16, 54 S. W. (2d) 387.

Judgment affirmed.