## Curtis v. Reed.

### Dec. 17, 1943.

Moss Noble and J. L. Stidham for appellant.

No brief for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Reversing.

In the year 1939 the appellant, Minerva Curtis, and her husband, William Curtis, instituted an action in the Breathitt Circuit Court against Ulyses Reed and his wife, Myrtle, who was the daughter of the appellant, seeking judgment on two notes, one of $266.30 and the other of $100, and the enforcement of a mortgage lien on a house and lot owned jointly by the Reeds.

The first note was executed to Minerva Curtis and the second to her and her husband. An amended petition was filed, alleging that Mrs. Reed had died before the filing of the action, leaving no issue and that the appellant was her sole heir at law. It seems that no pleading was filed by the appellee except a motion to require the plaintiffs to file the notes and mortgages sued on, which was done. At the February term, 1931, judgment was rendered on the notes and ordering the house and lot sold in satisfaction thereof. The appellant caused the property to be advertised for sale and this action was filed in June 1941 against the appellant and the Master Commissioner, seeking to set aside the judgment and enjoin the sale. The appellant's husband was not made a party.

The petition alleged, in substance, that the judge of the court never read the judgment and never directed it to be entered and that no notation was made on the docket indicating that the judgment had been ordered to be entered and that neither the appellee nor his attorney knew it had been entered; that neither the real nor personal representative of Myrtle Reed was a party to the action; that although the $266.30 note was executed by the appellee he received only $161.25 on it. The record in the action in which the judgment was rendered was neither filed with and as a part of the petition nor referred to in the petition.

A demurrer was filed to the petition and overruled and upon the appellant's failing to plead further judgment was rendered setting aside the former judgment and enjoining a sale of the property pursuant thereto.

Even if the action be treated as a direct attack on the judgment, filed pursuant to Sec. 518 of the Civil Code of Practice, it is at once apparent that the petition failed to state a cause of action.

It has been universally held that in an application for a new trial such as this the petition must disclose that the applicant has a valid defense to the original action, since it would be idle to grant the new trial if no such defense existed. Noe v. Davis, 171 Ky. 482, 188 S. W. 457; Louisville Joint Stock Land Bank v. McMurry, 278 Ky. 238, 128 S. W. (2d) 596; Leach v. Gill, 276 Ky. 97, 122 S. W. (2d) 789; Stephens v. Epperson, 283 Ky. 31, 140 S. W. 656.

No defense to the original action is disclosed by the petition in this action. The only allegations even squinting in that direction were: (1) That the appellee received only $161.25 on the $266.30 note, and (2) that neither the real nor personal representative of the appellant's wife was made a party. Obviously, the fact that the appellee did not receive the full amount of the note constitutes no defense to an action on the note. Its execution was admitted and he may have been liable thereon though he received nothing—he may have signed as surety or may have directed payment of the proceeds to another. The allegation that neither the real nor personal representative of his wife was made a party constituted no defense as far as the appellee was concerned—this might have rendered the judgment void in so far as it adjudged a lien on his wife's interest but constituted no defense as to his interest. And, in this connection, another reason appears why the petition did not state a cause of action. While this allegation was made, the record in the original action was not filed with or referred to in the petition so as to disclose whether all necessary parties were before court. It is essential to the statement of a cause of action that a petition in an action such as this set out all the proceedings in the original action in order that the court may see whether the proposed defense pleaded in the petition will constitute a defense to the matters pleaded in the original action.

The petition was fatally defective in failing to comply with this requirement. Noe v. Davis, supra.

Other reasons why the petition failed to state a cause of action might be given, but those enumerated are sufficient.

The judgment is reversed for further proceedings consistent with this opinion.