## Pearce v. Coogle et al.

Feb. 8, 1944.

Haynes Carter for appellant.

J. T. Hatcher for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment dismissing the plaintiff's petition in an action under section 518 of the Civil Code of Practice seeking the vacation of a judgment and a new trial in a case in which the title to certain land had been quieted.

The original action was brought by S. H. Pearce against Otto Coogle and John McGuffin to quiet the title to 15 acres of land in Hardin county. The dispute involved the location of the dividing line between the lands of the plaintiff and the defendants. On June 27, 1942, a judgment was entered quieting the defendants' title to the land in dispute and dismissing the plaintiff's petition. On September 5, 1942, S. H. Pearce, plaintiff in the original action, filed a petition in equity in the Hardin circuit court seeking a new trial of the action. It is difficult to determine from the record and appellant's brief just what grounds are relied on for a new trial, but apparently the plaintiff proceeded upon the theory

that he was entitled to have the judgment vacated because of unavoidable casualty or misfortune and newly discovered evidence. The proof in both the original action and the action for a new trial was heard orally by the court. In the action for a new trial the court refused to vacate the judgment theretofore entered, and dismissed the plaintiff's petition in which he alleged that during the pendency of the original action and after evidence had been partially heard the case was passed to a certain day for the taking of further proof. When the trial was resumed plaintiff's attorney was unable to be present, and he was represented by another attorney. The defendants' attorney represented to the court that the case had been continued for the purpose of hearing the testimony of one witness, Eph Gray, for the plaintiff. Gray was not present, and the case was submitted without taking further proof. It was further alleged that after the judgment was rendered the plaintiff discovered that his attorney had not agreed to continue the case to hear the testimony of Eph Gray only, but that the continuance was general and for the purpose of hearing the testimony of any witness produced by the plaintiff. The deposition of plaintiff's first attorney, who was unable to be present at the final hearing, was taken, and he denied entering into any agreement with defendants or their attorney and stated that he expected to produce several witnesses from adjoining counties at the final hearing. He was unable to name one of these witnesses or state what he expected to prove by them. The two defendants and their attorney testified that oral proof was heard by the court in the original action on several occasions, and finally the case was passed to a certain day on plaintiff's motion to hear the testimony of his witness Eph Gray. On that day Gray failed to appear, and the case was submitted without objection. It may be suggested that it was the duty of plaintiff's second attorney if he had material witnesses who had not testified to so inform the court and to request permission to introduce them. The court, undoubtedly, would have granted the request regardless of the alleged agreement.

We find no evidence authorizing a new trial, even if it be conceded that the plaintiff was prevented by casualty or misfortune from introducing material witnesses. In the action for a new trial the plaintiff, after testifying for himself, introduced only one witness, J. T.

Smallwood. The testimony of this witness is in narrative form and does not appear to be such as would probably change the result of the trial and therefore Warrant the setting aside of the judgment. Louisville & N. R. Co. v. Ueltschi's Ex'rs, 126 Ky. 556, 104 S. W. 320. Aside from this, the testimony of Smallwood, for aught that appears, may be merely cumulative. The record in the original trial has not been made a part of the record before us, and we are not informed of the nature of the evidence on that trial. Where a new trial is sought on the ground of newly discovered evidence or on the ground that by casualty or misfortune the party has been prevented from introducing all of his evidence, it should be made to appear that the evidence relied on for a new trial is not merely cumulative but is of such permanent and unerring character as to preponderate greatly or have a decisive influence upon the verdict or judgment to be overturned by it. Gilbert v. Pace, 241 Ky. 547, 44 S. W. (2d) 521. As said in Morgan v. Mosley, 262 Ky. 658, 90 S. W. (2d) 1013, 1015: ''No rule of law is better settled than that a new trial will not be granted for newly discovered evidence, unless it be of such a decisive character as to render a different result reasonably certain.''

The plaintiff in the action for a new trial testified that one George Smith, a surveyor who was appointed by the court to go upon the land and locate the disputed line, told him after the original trial that one of the defendants had said he was not claiming the strip of land in dispute. Smith was not produced as a witness nor was his affidavit, stating what his testimony would be if a new trial were granted, presented. Where a new trial is sought on the ground of newly discovered evidence, either by motion filed within the requisite time or in an action under section 518 of the Civil Code of Practice, the affidavit of the newly discovered witness should be filed or his testimony heard. There should be some reasonable assurance that the witness will testify on another trial as claimed. Brown v. Union Packing Co., 229 Ky. 198, 16 S. W. (2d) 1024; Reo Bus Lines Co. v. Dickey, 219 Ky. 307, 292 S. W. 791; American Cent. Ins. Co. v. Hardin, 148 Ky. 246, 146 S. W. 418.

The judgment is affirmed.