## Cobb v. Keith et al.

March 3, 1944.

A. H. Barker for appellant.

Harry R. Lair for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The chancellor sustained appellee's demurrer to a petition filed by appellant and another, seeking, on the ground of newly discovered material evidence, a new trial of an action in which appellee had obtained judgment against them for $500, plus interest and costs; and the sole question presented by this appeal from the judgment dismissing the petition is whether the petition stated a cause of action.

The "newly discovered evidence" consisted of a recorded quitclaim deed executed by appellee's decedent to appellant and his co-defendant in the original action prior to its institution. It is insisted by appellant that this deed constituted a complete defense to appellee's claim since it relinquished all of the grantor's interest in the estate of Louis Rheil, the original debtor, the receipt of whose estate by devise rendered the appellant and his co-defendant liable. But even if the deed had the effect claimed by appellant, a question which it is unnecessary for us to decide, the fact disclosed by the petition that appellant had full knowledge of the existence of the deed, although he failed to inform his lawyer of its existence until after the judgment had been rendered, effectually precludes appellant from relying upon it as a means of procuring a new trial.

The question here presented was decided adversely to appellant's contention in the case of Stephens et al. v. Epperson, 283 Ky. 31, 140 S. W. (2d) 656, 657, an action likewise instituted under Section 518 of the Civil Code of Practice. After pointing out that in order to obtain a new trial on the ground of newly discovered evidence, a litigant must allege and prove, among other things, that such evidence has been discovered since

the trial, and could not have been discovered before the trial by the exercise of due diligence, we said:

"Here Stephens (the party seeking the new trial) used no diligence to produce this contract (the allegedly newly discovered evidence) and it cannot be said he discovered it after the trial because he had it in his possession all the time."

The fact that appellant's counsel did not know of the existence of the deed does not better appellant's position. Richardson et al. v. Huff et al., Ky., 43 S. W. 454; Corpus Juris, Vol. 46, page 246, 247, Sec. 218.

Neither are we able to agree with appellant's further assertion that since the appellee had knowledge of the deed, it was incumbent upon him to call it to the court's attention in order that its effect might be determined during the original trial. True, it is alleged that appellee is an attorney, and hence, knew of the deed's importance, but, as before indicated, we are exceedingly doubtful whether the deed constituted a defense to the original action, and in any event, we know of no rule which would have required appellee, whose duty it was to collect the debt due his decedent, an adjudged incompetent, to suggest that it had been released by a deed, the consideration for which was not shown.

Judgment affirmed.