## Caldwell County et al. v. Hughett et al.

Jan. 22, 1946.

Charles McGough and J. E. Warren for appellants.

C. A. Pepper for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The opinion on the first appeal is styled Hughett v. Caldwell County, 288 Ky. 89, 155 S. W. 2d 481. Therein the judgment of the Chancellor was reversed, with the direction that another be entered in conformity with the opinion. This direction was followed upon return of the case. After the expiration of the term at which final judgment was rendered, appellants filed a petition for a new trial under the provisions of Section 518 of the Civil Code of Practice, alleging they had discovered new evidence material to their cause, and "which they could not, with reasonable diligence, have discovered and produced at the trial of said action." The petition further alleged that, in preparing the defense of the action on the original trial, defendants sought information of surviving members of the family of W. W. Smith then living in Caldwell County as to the execution of a deed by Smith to the County and Rufe Tyrie, and as to the interests conveyed respectively to Tyrie and the County in such deed, but that those members of the Smith family were without knowledge or information of the subject. The demurrer to the petition was overruled, proof heard, and the petition dismissed. The alleged newly discovered

evidence was introduced through four witnesses, viz., a son of W. W. Smith; a brother of W. W. Smith; and two members of the Fiscal Court at the time Caldwell County allegedly purchased the property in dispute, one of whom is a brother-in-law of appellant Morse. The petition fails to allege any fact to show why appellants originally did not introduce these witnesses, all of whom resided in Caldwell County at the time of the trial. In Vaughn v. Taylor, etc., 288 Ky. 558, 156 S. W. 2d 836, 839, the Court said: .

"The authorities are legion that courts do not favor new trials and will not grant them on the ground of newly discovered evidence unless * * *, and unless it is shown it could not have been discovered before the trial by the exercise of ordinary diligence. * * *

"It will be noted that the affidavit of Mr. Miller, attorney for appellants, stated that 'they used extraordinary diligence and exerted every effort to locate the driver of said red truck * * * he was discovered since the trial and could not with reasonable diligence have been discovered before.' That assertion by Mr. Miller is but a conclusion and does not contain a statement of fact. Nowhere does he state what he did to locate Waits or why he was unable to do so, other than that Waits was absent from Fayette County. This was far from being sufficient. * * * It is not sufficient for the party seeking a new trial to allege he did not and could not have discovered the new witness by ordinary diligence, but it is incumbent upon him to allege what effort he actually made to discover such witness."

To the same effect are the decisions in the following cases: National Concrete Const. Co. v. Duvall et al., 153 Ky. 394, 155 S. W. 757; Maynard et al. v. Boram et al., 180 Ky. 392, 202 S. W. 863; Quick v. Stanley, 217 Ky. 176, 289 S. W. 224; Woltering et al. v. Weber's Adm'x, 253 Ky. 55, 68 S. W. 2d 440.

It is obvious that the allegations in the petition do not meet the requirements of the rule pronounced in the above cited cases; and for which reason the Chancellor should have sustained the demurrer and dismissed the petition, without hearing evidence. But since he dismissed the petition after hearing the evidence, the judgment must be, and hereby is, affirmed.