**GRAY et al. v. SAWYER et al.**
**GRAY et al. v. CLAY et al.**

Court of Appeals of Kentucky.
Jan. 18, 1952.

Rehearing Denied April 25, 1952.

Finley F. Gibson, Jr., Louisville, Leslie W. Morris, Marion Rider, Frankfort, for appellants.

J. Leonard Walker, Lawrence S. Grauman, Louisville, for appellees.

STANLEY, Commissioner.

Leonard L. Gugel and his wife, Gladys Gray Gugel, were killed by a locomotive at a grade crossing. In an action involving the question of survivorship, it was adjudged that since it could not be determined from the evidence who died first, they died simultaneously. The judgment was affirmed. Gugel's Adm'r v. Orth's Ex'r, 314 Ky. 591, 236 S.W.2d 460. Thereafter Leonard L. Gugel's administrator and heirs filed this independent suit for a new trial on the ground of newly discovered evidence. Sec. 518, Civil Code of Practice. The petition was dismissed, and they appeal.

The newly discovered evidence is that Mrs. Ruth Hickey heard the noise of the accident, turned and saw what had happened and then went immediately to the scene. She found Mrs. Gugel decapitated, her head lying about ten feet from her body, which was actively bleeding "from near her neck and blood was gushing from her body in spurts." Her legs were crossed but thereafter straightened out.

Realistically, a person is dead when there has been a complete decapitation of the head, as was proved in the original case; but upon a hypothetical question submitting the above statements of Mrs. Hickey and, as well, the terrific mangling of the body of her husband and other conditions relating to both, several doctors expressed the opinion that Mrs. Gugel had survived her husband for a fleeting moment. The doctors told the court that a body is not dead so long as there is a heart beat and that may be evidenced by the gushing of blood in spurts. This is so though the brain may have quit functioning. See Thomas v. Anderson, 96 Cal. App.2d 371, 215 P.2d 478; Vaegemast v. Hess, 203 Minn. 207, 280 N.W. 641; Evans v. Halterman, 31 Ohio App. 175, 165 N.E. 869.

The very closeness of the evidence in the original case makes manifest the significance and importance of this new evidence. Whether the offered testimony is not merely cumulative and of sufficient materiality to justify a new trial need not be decided since the trial court denied the new trial because the other essential factor of diligence had not been established.

Sec. 518(1) of the Civil Code of Practice provides for the granting of a new trial after the expiration of the term for the cause provided in Sec. 344, which, in turn, authorizes an independent suit seeking it and upon grounds discovered after the term at which the verdict was rendered. One of such grounds is "Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence have discovered and produced at the trial." Sec. 340(7), Civil Code of Practice. The construction of these procedural statutes is that the onus rests upon the plaintiff to show that by the exercise of due diligence he could not have discovered the proffered evidence in time to have introduced it on the original trial. The mere fact that the party or his counsel did not at the time know of the existence or availability of the evidence is not the controlling factor. Caldwell County v. Hughett, 301 Ky. 397, 192 S.W. 2d 194; Cobb v. Keith, 296 Ky. 775, 178 S.W.2d 615. Secondly, the judicial discretion exercised by the trial court may not be overcome except by convincing the appellate court that the decision was a manifest error or an abuse of discretion. Cleveland v. Couch, 231 Ky. 332, 21 S.W. 2d 468; Cincinnati, N. O. & T. P. Railway Co. v. Snow, 284 Ky. 58, 143 S.W.2d 863. So, the appellant comes here carrying a double burden.

We examine the proof upon the point of vigilance in the preparation of the case for the original trial in respect to the failure to discover the new witness. Mrs. Hickey lived with her husband and operated a restaurant and tourist court about 400 feet from the railroad crossing. Plaintiffs' attorneys had not interviewed

her before the first trial. Afterward, one of them happened to meet up with her at the office of a lawyer in Jeffersonville where he had gone upon an unrelated matter, and during the course of his conversation he learned Mrs. Hickey lived near the scene of the accident. Not long afterward two attorneys for the plaintiffs called upon her, and she related what she knew about the case as above outlined. To the evidence stated may be added the fact that she had quickly returned to her restaurant and had her husband call the police and other officers. She testified on this hearing that she had not told anyone about all this because she had not been asked about the accident, although it appears she talked generally about it.

The appellants point to the record of the trial as itself evidencing extensive investigation and preparation. It appears that the police officers and the coroner and others had also made investigations of the tragedy but had not found Mrs. Hickey. Nevertheless, there stands the undisputable fact that the witness lived a little over 100 yards from the scene of the tragedy and was one of the first persons to reach it.

"Reasonable diligence" used in the Code as the criterion of activity is a relative and comparative term. Its application essentially depends upon the facts in each particular case. "It represents," as stated in Seale-Lily Ice Cream Co. v. Buck, 195 Miss. 440, 15 So.2d 213, "a degree between absolute inaction and an extreme effort undertaken against apparent futility, it must be more than merely perfunctory." In the present case it certainly cannot be said that the investigations made in the preparation of the case were merely perfunctory. It is simply that this important witness, who had quickly notified the officers of the law of the accident and had continued to live within a stone's throw of the scene, was overlooked. No explanation is given by the attorneys for not having discovered her. It appears she had not been found by attorneys for the other side, but that fact does not excuse the lack of diligence on the part of those who prepared appellants'

case. Cf. Ray v. Ray, 196 Ky. 579, 245 S.W. 287; Vaughn v. Taylor, 288 Ky. 558, 156 S.W.2d 836. In determining whether the judgment should be reversed, we must bear in mind the double burden with which the appellants come, together with the attitude of all courts to look with disfavor upon the granting of a retrial of a case otherwise finally determined where the parties have had a fair day in court. There must be very strong reasons for granting a new trial, and it must appear with reasonable certainty that injustice or wrong would result unless the relief be granted and another opportunity allowed to relitigate the same issues. Server v. McGahan, 256 Ky. 332, 76 S.W.2d 1; Nelson v. Gregory, 262 Ky. 740, 91 S.W. 2d 29; Holliday v. Tennis Coal Co., 264 Ky. 371, 94 S.W.2d 657; Stephens v. Epperson, 283 Ky. 31, 140 S.W.2d 656. We have held that a new trial should not ordinarily be granted on the ground of newly discovered evidence which might have been procured from people living in the vicinity if proper inquiry had been made. Louisville Insurance Co. v. Hoffman, Ky., 70 S.W. 403; Gay v. Steele's Administrators, Ky., 92 S.W. 590; Russell v. City of Ashland, 159 Ky. 223, 166 S.W. 971; Illinois Cent. Railroad Co. v. Finch's Adm'r, 178 Ky. 229, 198 S.W. 734. In the light of the general rules with respect to a judgment denying a retrial on the ground submitted and upon these specific precedents, we conclude that the judgment is proper.

The second styled case is an appeal from a judgment of the circuit court dismissing an appeal from the county court, thereby affirming its judgment which granted the motion of W. Howard Clay as administrator with will annexed of Leonard L. Gugel against Thomas N. Gray, administrator with will annexed of Leonard L. Gugel, for a rule requiring him to turn over all the assets of the estate in his hands. The respondent, Gray, pleaded the pendency of the suit for a new trial. His response was held insufficient.

The first appeal in this litigation, Gugel's Administrator v. Orth's Executor, 314 Ky. 591, 236 S.W.2d 460, affirmed the

removal of Mr. Gray and the appointment of Mr. Clay to administer the estate. Indeed, the right of administration was the specific question involved although the decisive point was the survivorship of Leonard L. Gugel. If it had been established that Mrs. Gugel survived her husband, then, it would appear, Gray, her father, had the right to administer the estate. The present action (second styled appeal) rests upon the question whether the new trial should have been or should be granted and the whole matter of the right of administration thereby reopened. The decision in the first styled appeal disposes of this subsidiary case.

Both judgments are affirmed.