**ALEXANDER HAMILTON LIFE INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Edwin H. LEWIS et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 14, 1973.

Rehearing Denied Nov. 9, 1973.

---

1. See Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

Lawrence L. Pedley, William T. Warner, Wood, Pedley, Stansbury, Rice & Warner, Louisville, for appellant.

H. Douglas Rouse, Carrollton, for appellees.

STEINFELD, Justice.

Appellees Edwin and Ida Lewis, the parents of Ann Horton Lewis, had purchased from appellant insurance policies insuring Ann's life and naming themselves as beneficiaries. Several years later they sued the insurer alleging that Ann had disappeared and had been absent from this state for more than seven years. They asked the court to declare that Ann was dead by presumption of law. KRS 422.130. The court so declared in a judgment entered October 19, 1970; whereupon death benefits in the amount of $14,436.79 were paid to appellees. Approximately eight months later the insurance company received information that Ann was alive and had returned to Kentucky. It engaged the services of an investigator who verified that information by locating and identifying Ann.

On October 18, 1971, the insurer filed in the circuit court a motion under CR 60.02 to vacate and set aside the judgment. The litigants stipulated that Ann was alive and had returned to this state, but appellees resisted the motion. In denying the motion the court stated:

"The court is of the opinion that with all the elements of death by presumption having been sufficiently proved, and judgment entered thereon, the payment of the insurance proceeds by the defendant as ordered in said judgment was not a payment based on mistake of fact and the legal obligation of the defendant, Alexander Life Insurance Company of America, to pay such proceeds is unaffected by the fact of the insured's life as discovered subsequent to Judgment. The defendant has asserted no fraud in its motion to vacate the judgment and fraud on the part of the plaintiff will not be presumed from the circumstances of this case alone."

On this appeal from the order denying the CR 60.02 motion, appellant argues that " * * * the operative circumstance and the only relevant consideration—is that Ann Horton Lewis was in fact *alive* at the time judgment was entered declaring her presumed dead, and payment was made by Hamilton pursuant to that judgment."

CR 60.02 in pertinent part provides:

"On motion, a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, * * * upon the following grounds: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; * * * or (6) any other reason of an extraordinary nature justifying relief."

▇▇▇ Appellant's motion to vacate the judgment was based on subsections (2) and (6). Allegations showing due diligence to discover whether Ann was alive were not refuted.[1] Although courts do not favor

---

1. It is not contended that this method of informing the court that due diligence was used did not satisfy the standards announced in

Cobb v. Keith, 296 Ky. 775, 178 S.W.2d 615 (1944).

new trials, when the newly discovered evidence is of such unerring character as to have decisive influence upon the evidence to be overturned by it, we are of the opinion that it is an abuse of discretion to deny a motion for a new trial so based. Cf. Morris v. Thomas, Ky., 240 S.W.2d 99 (1951). The rationale of Wood v. Wood, 251 Ky. 710, 65 S.W.2d 969 (1933), is in point. In Wood newly discovered evidence of the existence of a will was held to require the granting of a new trial and the vacating of a judgment holding that the deceased died intestate.

The declaration that Ann was deceased was based upon a statutory presumption later belied by the true facts. This was a " * * * reason of an extraordinary nature justifying relief."

The other matters presented in the briefs were not considered and are reserved.

It is directed that the order denying the motion for a new trial be set aside and this matter is remanded to the trial court for further proceedings consistent herewith.

PALMORE, C. J., and JONES, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.